UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| LIGHTSQUARED INC., *et al*., | ) |
|  | ) Case No. 12-12080 (SCC) |
| Debtors.[1] | ) |
|  | ) Jointly Administered |
|  | ) |

**ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND
RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISORS FOR DEBTORS AND DEBTORS
IN POSSESSION *NUNC PRO TUNC* TO PETITION DATE**

Upon the application (the "Application")[2] of LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (the "Order") authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly-owned subsidiaries and independent contractors, "A&M") as their financial advisor *nun pro tunc* to the Petition Date, pursuant to sections 327(a), 328, 330, 331, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629) and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 450 Park Avenue, Suite 2201, New York, NY 10022.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application or in the Montagner Declaration, as applicable.

Southern District of New York (the "Local Rules"); and upon the Hertzberg Declaration, attached to the Application as Exhibit A; and upon the Montagner Declaration; and the Court having considered the Application, the Hertzberg Declaration and the Montagner Declaration and having heard statements in support of the Application at a hearing held before the Court (the "Hearing") and determined that the (a) employment of A&M by the Debtors is in the best interests of the Debtors' estates, their creditors, and other parties in interest, (b) A&M neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, and (c) A&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice is needed or necessary; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Application is granted and approved to the extent provided herein, *nunc pro tunc* to the Petition Date.

2. In accordance with sections 327(a) and 328 of the Bankruptcy Code and, with respect to A&M's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, the Debtors are hereby authorized to employ A&M as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter as modified herein, *nunc pro tunc* to the Petition Date.

3. Consistent with the Engagement Letter, A&M will provide such restructuring support services as A&M and the Debtors shall deem appropriate and feasible in order to manage and advise the Debtors in the course of these Chapter 11 Cases, including, but not limited to:

    (a) assisting in the development and management of a thirteen (13)-week cash flow forecast;

    (b) assisting in financing issues, including assistance in preparing reports and liaising with creditors;

    (c) assisting in the preparation of chapter 11 contingency materials and related case administration activities in the event of a chapter 11 filing, including, but not limited to:

        (i) liaising with Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent;

        (ii) assisting in the development of internal/external communications plans;

        (iii) establishing prototype monthly operating reports required by the *Operating Guidelines and Financial Reporting Requirements* (the "U.S. Trustee Guidelines") promulgated by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") and training the Debtors in the use and management of such reports;

        (iv) assisting the Debtors with payment reconciliation;

        (v) assisting the Debtors in the assumption/rejection process of executory contracts and unexpired leases; and

        (vi) providing the Debtors with access to applicable technology tools and database systems;

    (d) reporting to the Debtors' Executive Team as desired or directed by the Responsible Officer; and

    (e) other activities as are approved by the Debtors, the Responsible Officer or the Executive Team and agreed to by A&M.

3

4. Such other services that the Debtors may request that A&M provide during the course of these Chapter 11 Cases, and as agreed to by A&M, shall be subject to separate application and order of this Court.

5. A&M shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases, including, but not limited to, Moelis & Company LLC.

6. The terms of the Engagement Letter, including, without limitation, the compensation provisions and the Indemnification Provisions, as modified by the Application, are reasonable terms and conditions of employment and hereby approved. Notwithstanding the foregoing, all requests by A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and this Order and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. In no event shall A&M be indemnified if the Debtors or a representative of the estates assert a claim for, and a court determines by final order that such claim arose out of, A&M's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7. A&M shall file fee applications for monthly, interim, and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court; provided, however, that A&M shall be compensated and reimbursed pursuant to

section 328(a) of the Bankruptcy Code and that A&M's compensation shall not be evaluated under any other standard of review, including the standard set forth in section 330 of the Bankruptcy Code. Notwithstanding the foregoing, however, the U.S. Trustee retains all rights to respond or object to A&M's monthly, interim, and final applications for compensation and reimbursement of expenses on all grounds, including reasonableness pursuant to section 330 of the Bankruptcy Code; <u>provided</u>, <u>further</u>, that in the event the U.S. Trustee objects, the Court retains the right to review the monthly, interim, and final applications pursuant to section 330 of the Bankruptcy Code.

8. All of A&M's personnel who provide services to or on behalf of the Debtors, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in one-half hour increments. This provision shall be the only exception to the requirement that A&M adhere to the United States Trustee Fee Guidelines.

9. A&M shall provide ten business days' notice to the Debtors and the U.S. Trustee prior to any increases in A&M's rates set forth in the Application and Engagement Letter and shall file the notice of rate increases with the Court. The U.S. Trustee reserves all rights to respond or object to any rate increase on all grounds including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to A&Ms interim and final fee on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

10. A&M shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first order of this Court allowing compensation and reimbursement of out-of-pocket expenses to A&M.

11. A&M shall, to the extent possible, allocate its readily allocable fees and expenses among the Inc. Group[3] and LP Group[4] in its monthly fee statements, interim fee applications, and final fee application. For fees and expenses that cannot be readily allocated, the estates will propose an allocation that shall be reasonably acceptable to the Prepetition Inc. Agent and Prepetition LP Agent or approved by the Court after notice and a hearing. The Court will determine in connection with any objection to a fee statement, interim fee application, and the final fee application any allocation disputes among the Inc. Group and the LP Group. The failure of any party in interest to object to any monthly statement or interim fee application in respect of the allocation of fees and expenses or otherwise shall not prejudice such party's right to object to the final fee application on any grounds, including, without limitation, the allocation of fees and expenses.

12. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

13. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. The requirements set forth in Local Rule 9013-1(a) are satisfied.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

---

[3] The "Inc. Group" consists of the following Debtor entities: LightSquared Inc., One Dot Six Corp., One Dot Four Corp., One Dot Six TVCC Corp., SkyTerra Rollup LLC, SkyTerra Rollup Sub LLC, and SkyTerra Investors LLC.

[4] The "LP Group" consists of the following Debtor entities: LightSquared Inc., LightSquared LP, ATC Technologies, LLC, LightSquared Corp., LightSquared Finance Co., LightSquared Network LLC, LightSquared Inc. of Virginia, LightSquared Subsidiary LLC, SkyTerra Holdings (Canada) Inc., SkyTerra (Canada) Inc., Lightsquared Bermuda Ltd., LightSquared Investors Holdings Inc., TMI Communications Delaware, Limited Partnership, and LightSquared GP Inc.

6

Dated: June 11, 2012
New York, New York

>*/s/ Shelley C. Chapman*
>HONORABLE SHELLEY C. CHAPMAN
>UNITED STATES BANKRUPTCY JUDGE