**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

_____

### GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING LIGHTSQUARED'S SCHEDULES OF ASSETS AND LIABILITIES

#### Introduction

      LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (each a "Debtor" and, collectively, "LightSquared" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code , 11 U.S.C. §§ 105-1532 (as amended, the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

      Marc R. Montagner, has signed each of the Schedules.  Mr. Montagner is the Chief Financial Officer and Interim Co-Chief Operating Officer of LightSquared Inc. and an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules, Mr. Montagner has relied upon the efforts, statements and representations of various personnel employed by LightSquared and its advisors.  Mr. Montagner has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are:  LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040).  The location of the debtors' corporate headquarters is 450 Park Avenue, Suite 2201, New York, NY 10022.

These Global Notes, Methodology and Specific Disclosures Regarding LightSquared's Schedules of Assets and Liabilities (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all of LightSquared's Schedules. The Global Notes should be referred to and reviewed in connection with any review of the Schedules.

The Schedules do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect LightSquared's reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules, unless otherwise indicated, LightSquared relied upon financial data derived from its books and records that was available at the time of such preparation. Although LightSquared has made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules. Accordingly, LightSquared reserves all of its rights to amend, supplement, or otherwise modify the Schedules as is deemed necessary and appropriate. Notwithstanding the foregoing, LightSquared shall not be required to update the Schedules.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights**. Nothing contained in the Schedules shall constitute a waiver of LightSquared's rights or an admission with respect to the Chapter 11 Cases, including any issues involving substantive consolidation, equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and/or any other relevant non-bankruptcy laws.

2.  **Description of Cases**. On May 14, 2012 (the "Petition Date"), LightSquared filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. LightSquared is operating its businesses and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    On May 15, 2012, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Chapter 11 Cases [Docket No. 33]. On May 16, 2012, the Bankruptcy Court entered an order authorizing LightSquared LP to act as the Foreign Representative on behalf of LightSquared's estates in any judicial or other proceedings in a foreign country, including in those proceedings commenced in Canada.

3.  **Net Book Value of Assets**. Unless otherwise indicated, LightSquared's Schedules reflect net book values as of May 13, 2012. Additionally, because the book values of assets such as patents, trademarks, and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets that have fully depreciated do not appear in these Schedules as they have no net book value.

2

4.    **Recharacterization**.  Notwithstanding LightSquared's reasonable best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules, LightSquared may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items.  Accordingly, LightSquared reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

5.    **Liabilities**.  LightSquared allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, LightSquared reserves all of its rights to amend, supplement, or otherwise modify the Schedules as is deemed necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, LightSquared reserves all of its rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

6.    **Insiders**.  Solely, for purposes of the Schedules, LightSquared defines "insiders" to include the following : officers appointed by the Board of Directors, directors, and any owner of five (5) percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.

Persons listed as "insiders" have been included for informational purposes only. LightSquared does not take any position with respect to:  (a) such person's influence over the control of LightSquared; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

7.    **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although LightSquared has made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by

3

one Debtor may, in fact, be owned by another.  Accordingly, LightSquared reserves all of its rights with respect to the legal status of any and all such intellectual property rights.

8.    **Executory Contracts**.  Although LightSquared made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, LightSquared may have inadvertently failed to do so.  Accordingly, LightSquared reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

9.    **Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by LightSquared of the legal rights of the claimant or a waiver of LightSquared's rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

10.    **Claims Description**.  Schedules D, E, and F permit each of the Debtors to designate a claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such claim is not subject to objection.  LightSquared reserves all of its rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules on any grounds, including liability or classification.  Additionally, LightSquared expressly reserves all of its rights to subsequently designate such claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a claim does not constitute an admission of liability by LightSquared.

11.    **Causes of Action**.  Despite reasonable efforts, LightSquared may not have identified and/or set forth all of its (filed or potential) causes of action against third parties as assets in their Schedules.  LightSquared reserves all of its rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules shall be deemed a waiver of any such causes of action.

12.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

    a.    Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals.  All totals that are included in the Schedules represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

    c.    Paid Claims.  LightSquared has authority to pay certain outstanding prepetition liabilities pursuant to various orders entered by the Bankruptcy Court.  Accordingly, certain outstanding liabilities may have been reduced by

postpetition payments made on account of prepetition liabilities. To the extent LightSquared pays any of the claims listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, LightSquared reserves all of its rights to amend or supplement the Schedules or take other action as is deemed necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.      <u>Excluded Assets and Liabilities</u>. LightSquared has excluded certain accrued liabilities, including certain accrued employee benefits and tax accruals from the Schedules.

e.      <u>Liens</u>. Property and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

13.    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars. Month end spot rates are used for all foreign currency conversions unless otherwise indicated in the Global Notes. The Debtors reserve the right to readjust any conversion rate to reflect the appropriate conversion rate as of the Petition Date.

14.    **Setoffs.** LightSquared incurs certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between LightSquared and its suppliers. These offsets and other similar rights are consistent with the ordinary course of business in LightSquared's industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from LightSquared's Schedules.

15.    **Global Notes Control**. In the event that the Schedules differ from the foregoing Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule B**. Certain of LightSquared's assets, such as Spectrum, Satellites, and Satellite Networks, are individually owned by LightSquared LP or one of its Debtor subsidiaries and utilized by one or more of the Debtors. Prior to the commencement of the Chapter 11 Cases, LightSquared's financial reporting generally treated such assets on a consolidated basis on the books and records of LightSquared LP. Accordingly, based on historical practices, LightSquared's Schedules reflect the following: (i) the net book value of the foregoing assets is reported on a consolidated basis on LightSquared LP's Schedule B Personal Property Assets and (ii) the ownership of each such asset is listed, as applicable, on the relevant Debtor's Schedule B Personal Property Assets with an undetermined value.

5

**Schedule B2**.  As described in the Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to (I) Continue Using Existing Cash Management Systems, Bank Accounts and Business Forms, and (II) Continue Intercompany Transactions, (B) Providing Postpetition Intercompany Claims Administrative Expense Priority, (C) Authorizing Debtors' Banks To Honor All Related Payment Requests and (D) Waiving Investment Guidelines of Section 345(b) of Bankruptcy Code [Docket No. 7], LightSquared maintains certain Investment Accounts which are comprised of various investment instruments.  These accounts may, either directly or indirectly, include Government or Corporate Bonds and other related securities.

**Schedule B4**.  Unless indicated otherwise in a Debtor's specific response to Schedule B4, LightSquared has included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedules B13 and B14**.  Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  LightSquared has disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "bad debt accounts."  For purposes of Schedule B16, "bad debt accounts" are those accounts that LightSquared has identified as unlikely to be paid given the amount of time such accounts have been outstanding.

**Schedule B21**.  In the ordinary course of its businesses, LightSquared may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with its customers and suppliers, or potential warranty claims against its suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant.  To the extent such claims are known, they are listed in Schedule B21, however, any such claims that are unknown to LightSquared or not quantifiable as of the Petition Date are not listed on Schedule B21.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule D**.  The claims listed on Schedule D arose or were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

UCC lien search results presented in Schedule D are as of March 7, 2012 and may not reflect subsequent terminations or subsequent filings.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, LightSquared reserves its rights to dispute or challenge the validity, perfection, or immunity

from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although LightSquared has scheduled claims of various creditors as secured claims, LightSquared reserves all of its rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits or retainers have not been listed on Schedule D.  LightSquared reserves all of its rights to amend Schedule D to the extent that LightSquared determines that any claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by LightSquared of the legal rights of the claimant or a waiver of LightSquared's rights to recharacterize or reclassify such claim or contract.

Moreover, LightSquared has not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in LightSquared's prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D.  The amounts outstanding under LightSquared's prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule F**.  LightSquared has used best reasonable efforts to report all general unsecured claims against LightSquared on Schedule F based upon LightSquared's existing books and records as of the Petition Date.  The claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on LightSquared's books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  LightSquared reserves all of its rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on LightSquared's books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  LightSquared has made every effort to include as contingent, unliquidated, or disputed the claim of any vendor not included on LightSquared's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule F includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.  Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the LightSquared's liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured claims that a Debtor may have against another Debtor on account of intercompany receivables and payables, as well as certain guarantee obligations and other miscellaneous obligations.

To the extent they are known, Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

Prepetition trade payables invoiced in foreign currency included on Schedule F have been converted to U.S. dollars using average monthly exchange rates for the relevant currency.  The Debtors reserve the right to readjust any conversion rate to reflect the appropriate conversion rate as of the Petition Date.

**Schedule G**.  LightSquared's businesses are complex.  Although LightSquared's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions, or over-inclusion may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using LightSquared's reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  LightSquared hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as is deemed necessary and appropriate.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality agreements may not be listed on Schedule G.  LightSquared reserves all of its rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry.  LightSquared expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite LightSquared's use of reasonable efforts to identify such documents.  In some cases, the same counterparty appears multiple times on

Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

LightSquared reserves all of its rights, claims, and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, LightSquared may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents may not be set forth on Schedule G.  Further, LightSquared reserves all of its rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available.  Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  LightSquared's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by LightSquared as to the validity of any such contract or that such contract is an executory contract or unexpired lease. LightSquared reserves all of its rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Pursuant to International Traffic in Arms Regulations, LightSquared is party to Technical Assistance Agreements which allow LightSquared to share certain information with foreign persons or entities.  These Technical Assistance Agreements have not been included on Schedule G.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. LightSquared may not have identified certain guarantees associated with LightSquared's executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  LightSquared reserves all of its rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under LightSquared's prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, LightSquared may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.

Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule F and Statement of Financial Affairs Question 4a, as applicable.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### District Of

In re    LightSquared Inc._____,          Case No. 12-12080 (SCC)_____
                        Debtor

                                                            Chapter 11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 9 | $ 9,997,942.00 + Undetermined Amounts | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 2,022,904,600.00 + Undetermined Amounts | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $ 10,459,962.80 + Undetermined Amounts | |
| G - Executory Contracts and Unexpired Leases | Yes | 6 | | | |
| H - Codebtors | Yes | 3 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ N/A |
| TOTAL | | 30 | $ 9,997,942.00 + Undetermined Amounts | $ 2,033,364,562.80 + Undetermined Amounts | |

B6A (Official Form 6A) (04/10)

In re __LightSquared Inc._____,                     Case No.__12-12080 (SCC)_____
          **Debtor**                                                                                                    **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (04/10)

In re  **LightSquared Inc.**                                    ,                    Case No.  **12-12080 (SCC)**
               **Debtor**                                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | See Attached Rider | | $3,719,575 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | See Attached Rider | | $6,003,367 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See Attached Rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  **LightSquared Inc.**                                              ,                    Case No. **12-12080 (SCC)**
                    **Debtor**                                                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Attached Rider | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | See Attached Rider | | Undetermined |

B6B (Official Form 6B) (04/10) – Cont.

In re  **LightSquared Inc.**                                    ,                    Case No. **12-12080 (SCC)**
                     **Debtor**                                                                        **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  LightSquared Inc.                                    ,          Case No. 12-12080 (SCC)
                    **Debtor**                                                            **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | Restricted Cash | | $275,000 |

_____3_____ continuation sheets attached      Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$ 9,997,942.00
+ Undetermined Amounts

**In re : LightSquared Inc.**                                    **Case No.  12-12080 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY
### Rider B.2 - Financial Accounts

| Financial Institution | Address | Account Type | Account No. | Balance |
|---|---|---|---|---|
| SunTrust Bank | 8330 Boone Blvd.<br>Ste 700<br>Vienna, VA 22182 | Operating / Disbursement | XXXXXXXXX2103 | $ 3,669,079 |
| RBC | 345 California St.<br>San Francisco, CA 94104 | Investment Account | XXX X3416 | $ 44,164 |
| Bank of America | 1101 Wooton Pkwy<br>4th fl.<br>Rockville, MA 20852 | Collateral Account[1] | XXXXXXXX4676 | $ 6,332 |

|  |  |  |  | **Total $ 3,719,575** |
|---|---|---|---|---|

[1] Bank of America's Collateral Account balance excludes all restricted cash that may be held in this account

**In re : Light Squared Inc.**                                **Case No.  12-12080 (SAC)**

## SCHEDULE B - PERSONAL PROPERTY
### Rider B - Security Deposits and Prepaid Items

| Description | Book Value |
|---|---|
| Prepaid Insurance | $                              5,903,367 |
| Retainer | $                                100,000 |

|  |  |
|---|---|
| | $                              6,003,367 |

**In re: LightSquared Inc.**                                                   **Case No. 12-12080 (SCC)**

### SCHEDULE B - PERSONAL PROPERTY
### Rider B.9 - Interests in Insurance Policies

| Insurance Company | Policy Type | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| Chubb | Automobile | 74969710 | Undetermined |
| Chubb | Business Travel | 9906-34-85 | Undetermined |
| Chubb | Canadian Package Policy | 70212607 | Undetermined |
| C.N.A. | Cargo | NYCNA12-1436 | Undetermined |
| XL<br>Chartis<br>Houston Casualty<br>Navigators<br>Arch<br>Ace<br>Argo<br>Starr<br>CNA | Directors & Officers Liability | Numerous | Undetermined |
| Chubb | Employment Practices Liability | 8223-2164 | Undetermined |
| Chubb | Fiduciary Liability | 8221-4306 | Undetermined |
| Chubb | International Package | 70212607 | Undetermined |
| Aioi Nissay Dowa<br>Asia Capital Re<br>Atrium<br>Axa Corp<br>Brit<br>Chaucer<br>Global<br>Hiscox<br>Inter Hannover<br>Kiln<br>Liberty<br>Mitsui<br>Munich Re<br>Partner Re<br>Satec<br>Sciemus<br>Scor<br>SpaceCo<br>Starr<br>Tokio Marine<br>Torus<br>Watkins<br>XL | Space Insurance | Numerous | Undetermined |
| RSUI | Umbrella Liability | NHA059131 | Undetermined |
| Chubb | US Commercial Package, including General Liability and Property | 35782862 | Undetermined |

**In re : LightSquared Inc.**                                    **Case No.  12-12080 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY
### Rider B.13 - Stocks and Interests in Incorporated Businesses

| Name of Business | Ownership Interest | Net Book Value |
|---|---|---|
| LightSquared Investors Holdings Inc. | 100% | Undetermined |
| One Dot Four Corp. | 100% | Undetermined |
| One Dot Six Corp. | 100% | Undetermined |
| SkyTerra Rollup LLC | 100% | Undetermined |

**In re: LightSquared Inc.**                                    **Case No. 12-12080 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY
### Rider B.20 - Contingent Interests in Life Insurance Policies

| Insurance Company | Policy Type | Policy Number | Interest in Policy |
|---|---|---|---|
| AXA | Key Man Life Insurance | 110 024 352 | Undetermined |
| All State | Key Man Life Insurance | 03TC037581 | Undetermined |
| Genworth | Key Man Life Insurance | M360,299 | Undetermined |
| Prudential | Key Man Life Insurance | L8647494-A | Undetermined |
| Prudential | Key Man Life Insurance | L8652091-A | Undetermined |
| Prudential | Key Man Life Insurance | L8656874-A | Undetermined |
| Metlife | Key Man Life Insurance | 210159135 FM | Undetermined |
| John Hancock | Key Man Life Insurance | 82 376 161 | Undetermined |

**B6D (Official Form 6D) (04/10)**

In re    LightSquared Inc._____,        Case No.   12-12080 (SCC)
                    **Debtor**                                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COMERICA BANK INTERNATIONAL TRADE SERVICES<br>6260 E. MOCKINGBIRD, 2ND FLOOR<br>DALLAS, TX 75214 | | | Letter Of Credit - Issuing Bank For LC In Amount Of $400,000 - Beneficiary 450 Park Avenue LLC<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>U.S. BANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT UNDER PREPETITION INC. CREDIT AGREEMENT<br>U.S. BANK GLOBAL CORPORATE TRUST SERVICES<br>300 DELAWARE AVENUE, 9TH FLOOR<br>WILMINGTON, DE 19801 | | | Borrower - Prepetition Inc. Credit Agreement; Secured solely by its pledge of its 100% equity interest in each One Dot Four Corp. and One Dot Six Corp.<br><br>VALUE $ Undetermined | | X | | $322,333,494 | Undetermined |

  1  continuation sheets attached

Subtotal ►
(Total of this page)

| $ 322,333,494.00 | $0.00 |

Total ►
(Use only on last page)

| $ | $ |

(Report also on Summary of Schedules.)        (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (04/10) – Cont.

In re  **LightSquared Inc.**                                    ,          Case No.   **12-12080 (SCC)**
                            **Debtor**                                                                            **(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>UBS AG, STAMFORD BRANCH AS ADMINISTRATIVE AGENT UNDER PREPETITION LP CREDIT AGREEMENT 677 WASHINGTON BOULEVARD STAMFORD , CT 06901 | | | Guarantor - Prepetition LP Credit Agreement; Secured solely by (i) its pledge of its 100% equity interest in LightSquared Investors Holdings Inc. and (ii) its interests in an agreement<br>VALUE $ Undetermined | X | X | | $1,700,571,106 | Undetermined |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)

| $ 1,700,571,106.00 | $0.00 |
|---|---|

Total(s) ▶
(Use only on last page)

| $ 2,022,904,600.00<br>+ Undetermined Amounts | $0.00<br>+ Undetermined Amounts |
|---|---|
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**B6E (Official Form 6E) (04/10)**

In re  **LightSquared Inc.**                                              ,          Case No. **12-12080 (SCC)**
_____                              _____
                              **Debtor**                                                                                      **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

 Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

 Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

 Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

 Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/10) – Cont.**

In re  **LightSquared Inc.**                                          ,                    Case No. **12-12080 (SCC)**
                              **Debtor**                                                                                  **(if known)**

☐    **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**

  **_0_  continuation sheets attached**

B6F (Official Form 6F) (04/10)

In re   **LightSquared Inc.** _____,                    Case No. **12-12080 (SCC)**
                    **Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ADAPTIX, INC.<br>4100 MIDWAY ROAD<br>SUITE 2010<br>CARROLTON, TX 75007 | | | Contingent Liability | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>AMERICAN STOCK TRANSFER<br>ATTN: ACCOUNTS RECEIVABLE<br>6201 15TH AVENUE<br>BROOKLYN, NY 11219 | | | Trade Payable | | | | $61.80 |
| ACCOUNT NO.<br><br>ATC TECHNOLOGIES, LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>CCMM I LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Subtotal ▶   $ 61.80

_6_ continuation sheets attached

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **LightSquared Inc.**_____,     Case No.___12-12080 (SCC)_____
                     Debtor                                                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>COLUMBIA FMS SPECTRUM PARTNERS IV, INC.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>COLUMBIA ONE SIX PARTNERS IV, INC.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LIGHTSQUARED (UK) LIMITED<br>20-22 BEDFORD ROW<br>LONDON, WC1R 4JS UNITED KINGDOM | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LIGHTSQUARED BERMUDA LTD.<br>CLARENDON HOUSE<br>2 CHURCH STREET<br>HAMILTON, HM 11 BERMUDA | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LIGHTSQUARED CORP.<br>1601 TELESAT COURT<br>OTTAWA, ON K1B 1B9 CANADA | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Sheet no. _1_of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **LightSquared Inc.**                                    ,          Case No.   **12-12080 (SCC)**
                    **Debtor**                                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  LIGHTSQUARED FINANCE CO. 10802 PARKRIDGE BLVD RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.  LIGHTSQUARED GP INC. 10802 PARKRIDGE BLVD RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.  LIGHTSQUARED INC. OF VIRGINIA 10802 PARKRIDGE BLVD RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.  LIGHTSQUARED INVESTORS HOLDINGS INC. 10802 PARKRIDGE BLVD RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.  LIGHTSQUARED LP 450 PARK AVENUE, SUITE 2201 NEW YORK, NY 10022 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Sheet no. _2_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶   $ 0.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re **LightSquared Inc.**                  ,          Case No. **12-12080 (SCC)**
            **Debtor**                                                 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>LIGHTSQUARED LP<br>450 PARK AVENUE, SUITE 2201<br>NEW YORK, NY 10022 | | | Inter-Company Payable | | | | 10,459,701.00 |
| ACCOUNT NO.<br><br>LIGHTSQUARED NETWORK LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>LIGHTSQUARED SUBSIDIARY LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ONE DOT FOUR CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>ONE DOT SIX CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Sheet no. _3_ of _6_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 10,459,701.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **LightSquared Inc.**                                    ,        Case No.   **12-12080 (SCC)**
                        Debtor                                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> ONE DOT SIX TVCC CORP. <br> 10802 PARKRIDGE BLVD <br> RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> SKYTERRA (CANADA) INC. <br> 1601 TELESAT COURT <br> OTTAWA, ON K1B 1B9 CANADA | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> SKYTERRA HOLDINGS (CANADA) INC. <br> 1601 TELESAT COURT <br> OTTAWA, ON K1B 1B9 CANADA | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> SKYTERRA INVESTORS LLC <br> 10802 PARKRIDGE BLVD <br> RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO. <br><br> SKYTERRA ROLLUP LLC <br> 10802 PARKRIDGE BLVD <br> RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Sheet no.  _4_ of _6_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **LightSquared Inc.**                        ,          Case No.   **12-12080 (SCC)**
_____                                 _____
          **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>SKYTERRA ROLLUP SUB LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TENNESSEE DEPARTMENT OF REVENUE<br>TAX ENFORCEMENT DIVISION<br>PO BOX BOX 190665<br>NASHVILLE, TN 37219 | | | Trade Payable | | | | $200.00 |
| ACCOUNT NO.<br><br>TMI COMMUNICATIONS DELAWARE, LIMITED PARTNERSHIP<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TVCC HOLDING COMPANY, LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |

Sheet no.  _5_ of _6_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 200.00

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **LightSquared Inc.**_____,          Case No.__**12-12080 (SCC)**_____
              **Debtor**                                                  **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>TVCC INTERMEDIATE CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br>TVCC ONE SIX HOLDINGS, LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | | | Miscellaneous Intercompany Liabilities | X | X | X | Undetermined |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no. _6_of_6_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 0.00

Total ▶ | $ 10,459,962.80
(Use only on last page of the completed Schedule F.)                              + Undetermined Amounts
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (04/10)

In re   LightSquared Inc.                                    ,                    Case No.   12-12080 (SCC)
        **Debtor**                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 450 PARK AVENUE LLC<br>450 PARK AVENUE<br>NEW YORK, NY 10022 | Lease Agreement<br>Dated: 08/25/2010 |
| ARENT FOX LLP<br>1050 CONNECTICUT AVENUE NW<br>WASHINGTON, DC 20036-5339 | Engagement letter<br>Dated: 07/28/2010 |
| BIA KELSEY<br>15120 ENTERPRISE COURT SUITE 100<br>CHANTILLY, VA 20151 | Project Services Agreement<br>Dated: 06/16/2011 |
| BUFETE QUIJANO<br>CORREGIDORES 823-2<br>LOMAS DE VIRREYES, 11000 MEXICO | Engagement Letter<br>Dated: 10/01/2008 |
| BURSON MARSTELLER<br>230 PARK AVENUE SOUTH<br>NEW YORK, NY 10003 | Letter of Engagement<br>Dated: 06/10/2011 |
| CENTAURUS CAPITAL, LP<br>350 POST OAK BLVD<br>STE 850<br>HOUSTON, TX 77056 | Exchange Agreement<br>Dated: 10/18/2010 |

B6G (Official Form 6G) (04/10) – Cont.

In re   LightSquared Inc.                                        ,          Case No.   12-12080 (SCC)
                    **Debtor**                                                            (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CENTAURUS CAPITAL, LP<br>350 POST OAK BLVD<br>STE 850<br>HOUSTON, TX 77056 | Joinder Agreement to Investment agreement<br>Dated: 10/18/2010 |
| CENTAURUS CAPITAL, LP<br>350 POST OAK BLVD<br>STE 850<br>HOUSTON, TX 77056 | Stockholders' Agreement<br>Dated: 10/18/2010 |
| CORPORATE EXECUTIVE BOARD<br>1919 NORTH LYNN STREET<br>ARLINGTON, VA 22209 | Subscription Agreement<br>Dated: 09/07/2011 |
| DARK CIRCLE INVESTMENT CORP.<br>410 PARK AVENUE<br>11TH FLOOR<br>NEW YORK, NY 10022 | Stockholders' Agreement<br>Dated: 10/18/2010 |
| DUFF & PHELPS CORPORATION<br>55 EAST 52ND STREET<br>NEW YORK, NY 10055 | Engagement Letter<br>Dated: 12/18/2008 |
| DUFF & PHELPS CORPORATION<br>55 EAST 52ND STREET<br>NEW YORK, NY 10055 | Engagement Letter<br>Dated: 08/18/2010 |
| ERNST & YOUNG LLP<br>8484 WESTPARK DRIVE<br>MCLEAN, VA 22102 | Engagement Letter<br>Dated: 08/09/2011 |

B6G (Official Form 6G) (04/10) – Cont.

In re   LightSquared Inc.                                    ,          Case No.   12-12080 (SCC)
                        **Debtor**                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| FCDB LSQ LLC<br>1345 AVENUE OF AMERICAS<br>46TH FL<br>NEW YORK, NY 10105 | Exchange Agreement<br>Dated: 10/18/2010 |
| FCDB LSQ LLC<br>1345 AVENUE OF AMERICAS<br>46TH FL<br>NEW YORK, NY 10105 | Stockholders' Agreement<br>Dated: 10/18/2010 |
| HARBINGER CAPITAL PARTNERS SP<br>450 PARK AVENUE, 30TH FLOOR<br>NEW YORK, NY 10023 | Increase Joinder Agreement<br>Dated: 08/23/2011 |
| HGW US<br>C/O HARBINGER CAPITAL PARTNERS<br>450 PARK AVENUE, 30TH FLOOR<br>NEW YORK, NY 10023 | Second Amended & Restated Stockholders Agreement<br>Dated: 11/30/2010 |
| HGW US<br>C/O HARBINGER CAPITAL PARTNERS<br>450 PARK AVENUE, 30TH FLOOR<br>NEW YORK, NY 10023 | Stockholders' Agreement<br>Dated: 10/18/2010 |
| HOLST, KEITH<br>ADDRESS ON FILE | Stockholders' Agreement<br>Dated: 10/18/2010 |
| IDISCOVERY SOLUTIONS, INC.<br>3000 K STREET NW<br>SUITE 330<br>WASHINGTON, DC 20007 | Services Agreement<br>Dated: 07/07/2011 |

B6G (Official Form 6G) (04/10) – Cont.

In re   LightSquared Inc.                                    ,          Case No.   12-12080 (SCC)
                    **Debtor**                                                                        **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| INMARSAT GLOBAL LIMITED 99 CITY ROAD LONDON, EC1Y 1AX UNITED KINGDOM | Amended & Restated Cooperation Agreement Dated: 04/18/2012 |
| J.P. MORGAN SECURITIES INC. 383 MADISON AVENUE NEW YORK, NY 10179 | Engagement Letter Dated: 08/16/2011 |
| J.P. MORGAN SECURITIES LLC 270 PARK AVENUE NEW YORK, NY 10017 | Arranging Letter Dated: 03/31/2011 |
| JEFFERIES & COMPANY, INC. 520 MADISON AVENUE NEW YORK, NY 10022 | Engagement Letter Dated: 10/15/2010 |
| K&L GATES LLP 1601 K. STREET NW WASHINGTON, DC 20006-1600 | Engagement Letter Dated: 02/07/2012 |
| KURTZMAN CARSON CONSULTANTS (KCC) 2335 ALASKA AVE. EL SEGUNDO, CA 90245 | Agreement for Services Dated: 03/14/2012 |
| MERIDIAN 5775 GENERAL WASHINGTON DRIVE ALEXANDRIA, VA 22312 | Lease Agreement Dated: 12/14/2011 |

B6G (Official Form 6G) (04/10) – Cont.

In re  **LightSquared Inc.**                                                   ,          Case No.   **12-12080 (SCC)**
                    **Debtor**                                                                                 **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MORGAN STANELY & CO. INCORPORATED 1585 BROADWAY NEW YORK, NY 10036 | Engagement Letter Dated: 09/22/2009 |
| PROVIDENCE TMT DEBT OPPORTUNITY FUND II LP 9 WEST 57TH ST STE 4700 NEW YORK, NY 10019 | Stockholders' Agreement Dated: 10/18/2010 |
| PROVIDENCE TMT DEBT OPPORTUNITY FUND II LP 9 WEST 57TH ST STE 4700 NEW YORK, NY 10019 | Exchange Agreement Dated: 10/18/2010 |
| SK TELECOM CO., LTD. SK T-TOWER 11 EULJIRO2-GA, JUNG-GU SEOUL, 100-999 KOREA, REPUBLIC OF | Investment Agreement Dated: 10/31/2010 |
| SK TELECOM CO., LTD. SK T-TOWER 11 EULJIRO2-GA, JUNG-GU SEOUL, 100-999 KOREA, REPUBLIC OF | Letter Agreement to SK Telecom Dated: 11/30/2010 |
| SK TELECOM CO., LTD. SK T-TOWER 11 EULJIRO2-GA, JUNG-GU SEOUL, 100-999 KOREA, REPUBLIC OF | Letter Agreement to SK Telecom Dated: 11/01/2010 |
| SOLUS ALTERNATIVE ASSET MANAGEMENT LP 430 PARK AVE NEW YORK, NY 10022 | Exchange Agreement Dated: 10/18/2010 |

**B6G (Official Form 6G) (04/10) – Cont.**

In re  LightSquared Inc.                                      ,        Case No.   12-12080 (SCC)
_____Debtor_____                                              _____(if known)_____

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| UBS AG STAMFORD BRANCH 677 WASHINGTON BLVD STAMFORD, CT 06901 | Credit Agreement and Amendment Dated: 10/01/2010 |
| | |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (04/10)**

In re   **LightSquared Inc.**                                          ,                    Case No.   **12-12080 (SCC)**
                           **Debtor**                                                                                  **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See Attached Rider | |

**In re: LightSquared Inc.**                                    **Case No. 12-12080 (SCC)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| LIGHTSQUARED LP<br>450 PARK AVENUE, SUITE 2201<br>NEW YORK, NY 10022 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| LIGHTSQUARED CORP.<br>1601 TELESAT COURT<br>OTTAWA, ON K1B 1B9<br>CANADA | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| ONE DOT SIX CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | U.S. BANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION INC. CREDIT AGREEMENT<br>U.S. BANK GLOBAL CORPORATE TRUST SERVICES<br>300 DELAWARE AVENUE, 9TH FLOOR<br>WILMINGTON, DE 19801 |
| TMI COMMUNICATIONS DELAWARE, LIMITED PARTNERSHIP<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| ATC TECHNOLOGIES, LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| LIGHTSQUARED GP INC.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| LIGHTSQUARED INC. OF VIRGINIA<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| LIGHTSQUARED INVESTORS HOLDINGS INC.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| LIGHTSQUARED SUBSIDIARY LLC<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| ONE DOT FOUR CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | U.S. BANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION INC. CREDIT AGREEMENT<br>U.S. BANK GLOBAL CORPORATE TRUST SERVICES<br>300 DELAWARE AVENUE, 9TH FLOOR<br>WILMINGTON, DE 19801 |

**In re: LightSquared Inc.**                                    **Case No. 12-12080 (SCC)**

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
| --- | --- |
| ONE DOT SIX TVCC CORP.<br>10802 PARKRIDGE BLVD<br>RESTON, VA 20191-4334 | U.S. BANK NATIONAL ASSOCIATION<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION INC. CREDIT AGREEMENT<br>U.S. BANK GLOBAL CORPORATE TRUST SERVICES<br>300 DELAWARE AVENUE, 9TH FLOOR<br>WILMINGTON, DE 19801 |
| SKYTERRA (CANADA) INC.<br>1601 TELESAT COURT<br>OTTAWA, ON K1B 1B9<br>CANADA | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |
| SKYTERRA HOLDINGS (CANADA) INC.<br>1601 TELESAT COURT<br>OTTAWA, ON K1B 1B9<br>CANADA | UBS AG, STAMFORD BRANCH<br>AS ADMINISTRATIVE AGENT<br>UNDER PREPETITION LP CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD , CT 06901 |

B6 Declaration (Official Form 6 – Declaration) (12/07)

In re : LightSquared Inc.                                                              Case No. 12-12080 (SCC)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                        Debtor

Date _____          Signature: _____
                                                                 (Joint Debtor, if any)

[If joint case, both spouses must sign.]

....................................................................................................................

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                        Social Security No.
of Bankruptcy Petition Preparer                                    *( Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

....................................................................................................................

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the CFO & Interim Co-Chief Operating Officer [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the Corporation [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date_____6/27/2012_____          Signature : __/s/ Marc R. Montagner_____

                                                                Marc R. Montagner - CFO & Interim Co-Chief
                                                                              Operating Officer
                                                             _____
                                                             [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

....................................................................................................................

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*