Brandon Johnson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
Tel. No.: (212) 858-1000
Fax No.: (212) 858-1500
Bruce Jacobs
Jerry Hall
Dania Slim
2300 N Street, NW
Washington, DC 20037
Tel. No.: (202) 663-8000
Fax No.: (202) 663-8007

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF HEARING ON LIGHTSQUARED'S APPLICATION FOR ENTRY OF**
**AN ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AUTHORIZING EMPLOYMENT AND RETENTION OF PILLSBURY WINTHROP**
**SHAW PITTMAN LLP AS SPECIAL COUNSEL TO LIGHTSQUARED**
***NUNC PRO TUNC* TO DATE OF APPLICATION**

    **PLEASE TAKE NOTICE** that LightSquared Inc. and certain of its affiliates, as

debtors and debtors in possession (collectively, "LightSquared" or the "Debtors"), submit the

Application (the "Application") for entry of an order, authorizing the employment and retention

---

[1]   The debtors in these Chapter 11 Cases (as defined below), along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as special counsel for LightSquared *nunc pro tunc* from the date of the Application.

PLEASE TAKE FURTHER NOTICE that a hearing (the "Hearing") on the Application will be held before the Honorable Shelley C. Chapman, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), on **July 16, 2013 at 10:00 a.m. (prevailing Eastern time)**.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Application and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the Bankruptcy Court for the Southern District of New York, set forth the basis for the objection and the specific grounds therefor, and be filed with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest, on a 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399 and shall be served in accordance with General Order M-399 upon each of the following: (i) LightSquared Inc., 10802 Parkridge Boulevard, Reston, VA 20191, Attn:  Marc R. Montagner and Curtis Lu, Esq., (ii) counsel to LightSquared, Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, NY 10005, Attn:  Matthew S. Barr, Esq. and Karen Gartenberg, Esq. (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004, Attn:  Susan D. Golden, Esq., (iv) counsel to U.S. Bank National Association, as administrative agent under the Prepetition Inc. Credit Agreement and administrative agent under the DIP Agreement, Akin Gump Strauss Hauer

& Feld LLP, One Bryant Park, New York, NY 10036, Attn:  Philip C. Dublin, Esq. and Kenneth A. Davis, Esq., (v) counsel to UBS AG, Stamford Branch, as administrative agent under the Prepetition LP Credit Agreement, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn:  Mark A. Broude, Esq., (vi) counsel to the ad hoc secured group of Prepetition LP Lenders, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036, Attn: Thomas E Lauria, Esq. and Scott Greissman, Esq., (vii) counsel to Harbinger Capital Partners LLC, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY 10019, Attn: David M. Friedman, Esq. and Adam L. Shiff, Esq., and (viii) Pillsbury Winthrop Shaw Pittman LLP, 2300 N Street, NW, Washington, D.C. 20004-1304, Attn:  Bruce D. Jacobs, so as to be actually received **no later than July 9, 2013 at 4:00 p.m. (prevailing Eastern time)**.  Only those responses or objections that are timely filed, served, and received will be considered at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Application, the Bankruptcy Court may deem any opposition waived, treat the Application as conceded, and enter an order granting the relief requested in the Application without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Application may be obtained at no charge at http://www.kccllc.net/LightSquared or for a fee via PACER at http://www.nysb.uscourts.gov.

New York, New York                   Respectfully submitted,
Dated:  July 2, 2013

                                     /s/ Brandon Johnson
                                     Brandon Johnson
                                     PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     1540 Broadway
                                     New York, NY 10036

                                     Bruce Jacobs
                                     Jerry Hall
                                     Dania Slim
                                     2300 N Street, NW
                                     Washington, DC 20037
                                     Tel. No.:  (202) 663-8000
                                     Fax No.:  (202) 663-8007

                                     *Counsel to Debtors and Debtors in Possession*

Brandon Johnson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
Tel. No.:  (212) 858-1000
Fax No.:  (212) 858-1500

Bruce Jacobs
Jerry Hall
Dania Slim
2300 N Street, NW
Washington, DC 20037
Tel. No.:  (202) 663-8000
Fax No.:  (202) 663-8007

*Counsel to Debtors and Debtors in Possession*

<u>**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**</u>

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**LIGHTSQUARED'S APPLICATION FOR ENTRY OF AN ORDER
PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE
AUTHORIZING EMPLOYMENT AND RETENTION OF PILLSBURY
WINTHROP SHAW PITTMAN LLP AS SPECIAL COUNSEL TO
LIGHTSQUARED *NUNC PRO TUNC* TO DATE OF APPLICATION**

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are:  LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040).  The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA  20191.

## TABLE OF CONTENTS

**Page(s)**

Jurisdiction ................................................................................................................. 1

Background ................................................................................................................. 1

Retention of Pillsbury ............................................................................................... 2

    A.   Pillsbury's Qualifications ............................................................................... 2

    B.   Scope of Services ............................................................................................ 3

    C.   No Duplication of Services ............................................................................ 3

    D.   Compensation ................................................................................................. 4

    E.   Disinterestedness of Pillsbury ....................................................................... 6

Relief Requested ........................................................................................................ 8

Basis for Relief .......................................................................................................... 8

Motion Practice .......................................................................................................... 10

Notice ......................................................................................................................... 10

No Prior Request ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

In re AroChem Corp.,
    176 F.3d 610 (2d Cir. 1999)............................................................................9

In re DeVlieg, Inc.,
    174 B.R. 497 (N.D. Ill. 1994) .......................................................................9

STATUTES

11 U.S.C. §§ 101-1532 ....................................................................................1

11 U.S.C. § 327(e) ...............................................................................1, 2, 8, 9

11 U.S.C. § 329(a) ...........................................................................................9

11 U.S.C. § 1107(a) .........................................................................................1

11 U.S.C. § 1107(b) ......................................................................................8, 9

11 U.S.C. § 1108 .............................................................................................1

28 U.S.C. § 157(b)(2) ......................................................................................1

28 U.S.C. § 1334.............................................................................................1

28 U.S.C. §§ 1408 and 1409 ...........................................................................1

Rule 1007(c), (d) of the Federal Rules of Bankruptcy Procedure ..................10

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ......................1, 8

Rule 2016 of the Federal Rules of Bankruptcy Procedure .............................1

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York .................1, 8

Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York ...............12

LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "LightSquared" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), file this application (the "Application") for entry of an order (substantially in the form attached to this Application as Exhibit B, the "Order"), pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), authorizing the employment and retention of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") as special counsel to LightSquared *nunc pro tunc* from the date of this Application. In support of this Application, Pillsbury submits the Declaration of Bruce D. Jacobs, a partner of Pillsbury (the "Jacobs Declaration"), which is attached hereto as Exhibit A.  In further support of this Application, LightSquared respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327(e) and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

4.      On May 14, 2012 (the "Petition Date"), LightSquared filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      LightSquared continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

official committee has been appointed in the Chapter 11 Cases.  No request for the appointment

of a trustee or examiner has been made in the Chapter 11 Cases.

### Retention of Pillsbury

**A.    Pillsbury's Qualifications**

6.    LightSquared has decided to retain Pillsbury because Pillsbury is well-

qualified to act as special counsel in the Representative Matters (as defined below).  Indeed,

LightSquared already retained Pillsbury pursuant to the Order Authorizing Debtors' Retention

and Compensation of Certain Professionals Utilized in the Ordinary Course of Business [Docket

No. 123] (the "OCP Order"), which was entered by the Court on June 11, 2012.  Upon further

consideration, however, LightSquared has determined that the retention of Pillsbury will exceed

the OCP Case Cap (as defined in the OCP Order).[2]  Therefore, LightSquared has concluded that

it would be best to separately retain Pillsbury under section 327(e) of the Bankruptcy Code *nunc*

*pro tunc* to the date of this Application.

7.    As described in the Jacobs Declaration, Pillsbury has extensive knowledge

and experience with the issues and procedures present in the Representative Matters.  Mr. Jacobs

has been leading (and will continue to lead) the firm's representation of LightSquared.  Mr.

Jacobs has represented LightSquared or its predecessors in interest since 1982, during which

time he has been actively involved in securing the company's authorizations for its satellite and

terrestrial operations, negotiating its international frequency coordination agreements,

participating in standards development, coordinating with federal government agencies, and

advising on various regulatory compliance issues.  Through its representation of LightSquared

---

[2]    Pillsbury exceeded the OCP Monthly Cap (as defined in the OCP Order) in February (by $2,601.33), March (by $10,835.90) and May (by $6,417.30).  Pursuant to paragraph 2(e) of the OCP Order, Pillsbury intends to file a Fee Application (defined in the OCP Order) covering such amounts.

prior to the commencement of these Chapter 11 Cases, Pillsbury has accumulated substantial

information and experience regarding LightSquared's business operations and the Representative

Matters.  Thus, there would be a significant cost to the estates in both money and time were

LightSquared forced to select new counsel to handle the Representative Matters.

**B.**     **Scope of Services**

8.     LightSquared has requested that Pillsbury continue to represent it during

the pendency of these Chapter 11 Cases in the matters for which Pillsbury has historically

provided services (and continues to provide services) to LightSquared, including, (i) negotiations

with other satellite operators in connection with international frequency coordination;

(ii) participation in standards development; (iii) discussions with federal government agencies

concerning spectrum management; and (iv) regulatory compliance for existing and proposed

operations, including export control (collectively, the "Representative Matters").  During the

pendency of these Chapter 11 Cases, Pillsbury has represented and advised LightSquared

regarding these Representative Matters as an Ordinary Course Professional (as defined in the

OCP Order), which is subject to the OCP Case Cap of $500,000 under the OCP Order.

Pillsbury's fees are expected to exceed the OCP Case Cap during July 2013.

**C.**     **No Duplication of Services**

9.     LightSquared has also retained Latham & Watkins LLP ("Latham") as

special FCC counsel to LightSquared.  The services that Latham provides to LightSquared are

separate and distinct from the services that Pillsbury has been, and will be, providing

LightSquared.  Pillsbury's work is comprised of the Representative Matters, which relate largely

to regulation of the operation of the satellite system and to frequency coordination—matters

separate from the services Latham provides.  Accordingly, the services rendered and functions to

be performed by Pillsbury will not be duplicative of any work performed by other law firms

3

retained by LightSquared.   Furthermore, in order to ensure that there is no unnecessary

duplication of services by any firm during the pendency of these Chapter 11 Cases, Pillsbury will

coordinate with LightSquared's other professionals to ensure that its services are, to the

maximum extent possible, complementary to other professionals' services.

**D.     Compensation**

10.     LightSquared understands that Pillsbury intends to apply separately to the

Court for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all

guidelines promulgated by the United States Trustee for the Southern District of New York (the

"U.S. Trustee"), and all orders of this Court governing professional services performed and

expenses incurred after the date of this Application (the "Application Date").   Commencing with

work performed on and after the Application Date, Pillsbury has agreed to submit applications

for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the

Bankruptcy Code and the rules and orders of this Court.

11.     The hourly rates and corresponding rate structure utilized by Pillsbury in

the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structures used by

Pillsbury in restructuring, workout, bankruptcy, insolvency, and comparable matters, and in

complex corporate matters, whether in court or otherwise, regardless of whether a fee application

is required.  Such complex matters are typically national in scope, and these rates and rate

structures are based on the great complexity, high stakes, and severe time pressures of the

matters.

12.     Pillsbury operates in a competitive, national marketplace for legal services

in which rates are driven by multiple factors relating to the individual lawyer, his or her area of

specialization, the firm's expertise, performance, and reputation, the nature of the work involved,

4

and other factors.  An increasing number of law firms regularly compete for retention on these and similar types of matters.  Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, Pillsbury has no one rate for an individual biller that applies to all matters for all clients.  Pillsbury rates for an individual biller may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships, and various other factors, including those enumerated above.

13.    Pillsbury's hourly rates are set at a level designed to fairly compensate Pillsbury for the work of its attorneys and other professionals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  All hourly rates are subject to periodic adjustments to reflect economic and other conditions, and Pillsbury will provide notice to LightSquared and the U.S. Trustee prior to any increases in Pillsbury's rates.[3]  Pillsbury has informed LightSquared that the current hourly billing rates for Pillsbury professionals expected to spend significant time on the Representative Matters range from $670-715 for partners, $610-640 for counsel, $415-610 for associates, and $215-280 for paraprofessionals.

14.    LightSquared respectfully submits that such rates are reasonable and comparable to the rates other firms charge for similar services and should be approved by the Court subject to a determination of the amounts to be paid to Pillsbury upon application for allowance.  For services rendered by Pillsbury in these Chapter 11 Cases, LightSquared, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee, and orders of the Court, proposes to pay Pillsbury its customary hourly rates that are in effect from time to time, as set forth above and in the Jacobs

---

[3]    Pillsbury usually revises its billing rates and charges annually, but reserves the right to revise them at other times.

Declaration.

15.      It is Pillsbury's policy to charge its clients in all areas of practice for

identifiable, non-overhead expenses incurred in connection with the client's case that would not

have been incurred except for representation of that particular client.  It is also Pillsbury's policy

to charge its clients only the amount actually incurred by Pillsbury in connection with such

items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation,

overtime expenses, computer assisted legal research, photocopying, outgoing facsimile

transmissions, long-distance telephone calls, airfare, meals, and lodging.

**E.      Disinterestedness of Pillsbury**

16.      To the best of LightSquared's knowledge, and as set forth in the Jacobs

Declaration, Pillsbury does not represent or hold any interest adverse to LightSquared or its

estates with respect to the matters as to which Pillsbury is to be employed.  LightSquared has

been informed that Pillsbury will conduct an ongoing review of its files to ensure that no

disqualifying circumstances arise and, if any new relevant facts or relationships are discovered,

Pillsbury will supplement its disclosure to the Court.

17.      Pillsbury is an international law firm with deep expertise in a broad range

of practices.  As such, Pillsbury has represented certain clients, and continues to represent certain

clients, in matters to which certain of the Debtors are or were a party.  A summary of certain of

these current and prior representations are set forth in paragraph 18 below.

18.      Pillsbury currently represents: Wilmington Trust, National Association (as

successor by merger to Wilmington Trust FSB) ("Wilmington Trust") in connection with that

certain Collateral Trust Agreement, among LightSquared LP, as Borrower under the Credit

Agreement (referred to therein), the Guarantors from time to time party thererto, USB AG,

Stamford Branch, as Administrative Agent under the Credit Agreement, the other Parity Lien

Representatives and Second Lien Representatives.  Previously, Pillsbury represented APA

Properties No. 10, L.P, ("APA Properties") as landlord of a property occupied by one of the

Debtors.  APA Properties no longer owns the subject property and no longer serves as landlord.

Accordingly, Pillsbury no longer represents APA Properties on the matter, which, in any event,

did not relate to matters for which Pillsbury is to be retained by LightSquared.

       19.     In addition to its past representations of Wilmington Trust and APA

Properties, Pillsbury is an international law firm with thousands of other clients throughout the

world.  Based on the lists of creditors and other interested parties that LightSquared has provided

to Pillsbury (collectively, the "Parties in Interest"), Pillsbury has determined that it represents a

number of the Parties in Interest in matters wholly-unrelated to LightSquared and the

Representative Matters.  In addition, Pillsbury currently represents, previously represented,

and/or in the future may represent, other clients in matters that are adverse to or otherwise

involve Parties in Interest, which matters are unrelated to LightSquared and the Representative

Matters.  A list of former and current clients of Pillsbury (or Pillsbury attorneys at a prior firm)

who are Parties in Interest is attached to the Jacobs Declaration as Schedule 1 (collectively, the

"Other Pillsbury Clients" and, together with the APA Properties and Wilmington Trust, the

"Pillsbury Clients").  Because Pillsbury does not represent any of the Other Pillsbury Clients on

matters related to LightSquared or the Representative Matters, Pillsbury's representation of the

Other Pillsbury Clients does not create any interest adverse to LightSquared or to its estates with

respect to the Representative Matters.

       20.     LightSquared hereby confirms that it has consented to and has waived any

actual or potential conflicts resulting from Pillsbury's representation of the Pillsbury Clients on

matters that may be adverse to LightSquared, so long as those engagements are not related to and

would not cause Pillsbury to represent a party adverse to LightSquared in connection with the Representative Matters.

21.    Based on the foregoing and the disclosures set forth in the Jacobs Declaration, LightSquared submits that Pillsbury does not hold or represent any interest adverse to LightSquared or LightSquared's estates with respect to the matters on which Pillsbury is to be employed.

## Relief Requested

22.    By this Application, LightSquared requests entry of an order, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the employment and retention of Pillsbury as special counsel to LightSquared to handle the Representative Matters.

## Basis for Relief

23.    The retention of Pillsbury under the terms described herein is appropriate under sections 327(e) and 1107(b) of the Bankruptcy Code.  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

11 U.S.C. § 1107(b).

24.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that:  (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  See In re DeVlieg, Inc., 174 B.R. 497 (N.D. Ill. 1994).  See In re AroChem Corp., 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original).  LightSquared submits that each of these factors is satisfied with respect to Pillsbury and, therefore, its retention should be approved under section 327(e) of the Bankruptcy Code.

25.    By a separate application, LightSquared has sought and obtained the Court's approval to retain and employ Milbank, Tweed, Hadley & McCloy LLP as LightSquared's general bankruptcy counsel.  By contrast, Pillsbury's work is comprised solely of the special Representative Matters.  None of these matters involves the conduct of the Chapter 11 Cases themselves.  Additionally, because Pillsbury is not serving as LightSquared's bankruptcy counsel, LightSquared believes that Pillsbury has not rendered and will not render "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Pillsbury will not be duplicative of any bankruptcy-related work performed by other law firms retained by LightSquared.  Furthermore, Pillsbury will coordinate with LightSquared's other

9

professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

26.    For these reasons, LightSquared submits that the employment of Pillsbury is in the best interests of LightSquared, its estates, and its creditors.

## Motion Practice

27.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Application. Accordingly, LightSquared submits that this Application satisfies Local Rule 9013-l(a).

## Notice

28.    Notice of this Application will be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to (a) the U.S. Trustee, (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d), (c) counsel to the Prepetition Agents, (d) counsel to the ad hoc secured group of Prepetition LP Lenders, (e) Harbinger Capital Partners LLC, (f) the Internal Revenue Service, (g) the United States Attorney for the Southern District of New York, (h) the Federal Communications Commission, (i) Industry Canada, and (j) all parties who have filed a notice of appearance in the Chapter 11 Cases. LightSquared respectfully submits that no other or further notice is required or necessary.

## No Prior Request

29.    No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Jacobs Declaration, LightSquared respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and (b) grant such other and further relief as the Court may deem just and proper.

Reston, Virginia
Dated:  July 2, 2013

Curtis Lu
General Counsel
LIGHTSQUARED INC. (for itself and each of the
other Debtors and Debtors in Possession)
10802 Parkridge Boulevard
Reston, VA 20191
(703) 390-2700

## **Exhibit A**

**Jacobs Declaration**

Brandon Johnson
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
Tel. No.:  (212) 858-1000
Fax No.:  (212) 858-1500

Bruce Jacobs
Jerry Hall
Dania Slim
2300 N Street, NW
Washington, DC 20037
Tel. No.:  (202) 663-8000
Fax No.:  (202) 663-8007

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**DECLARATION OF BRUCE D. JACOBS IN SUPPORT OF LIGHTSQUARED'S
APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT AND RETENTION OF
PILLSBURY WINTHROP SHAW PITTMAN LLP AS SPECIAL COUNSEL TO
LIGHTSQUARED *NUNC PRO TUNC* TO DATE OF APPLICATION**

Bruce D. Jacobs, being duly sworn, deposes and says:

1.    I am a partner of Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury" or

the "Firm"), located at 2300 N Street, N.W., Washington, DC 20037 and am duly authorized to

---

[1]    The debtors in these Chapter 11 Cases (as defined below), along with the last four digits of each debtor's federal or foreign tax or registration identification number, are:  LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040).  The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

make this declaration on the Firm's behalf.  The Firm also has numerous other offices both in the United States and abroad.

2.       I submit this declaration (the "Declaration") in support of LightSquared's application (the "Application") pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing employment and retention of Pillsbury as special counsel to LightSquared *nunc pro tunc* to the date of the Application, filed in the chapter 11 cases of LightSquared Inc. and certain of its affiliates (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, "LightSquared" or the "Debtors"), and to provide the disclosures required under rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Capitalized terms used in this Declaration that are not defined in this Declaration have the meanings given to them in the Application.

3.       I have personal knowledge[2] of each of the facts stated in the Declaration, except for those facts stated on information and belief, and as to those facts, I am informed and believe them to be true.  If I obtain additional information that requires further disclosure or modification of the Application or the Declaration, I will file a supplemental declaration with the Court.

4.       LightSquared seeks to retain Pillsbury as special counsel to LightSquared pursuant to section 327(e) of the Bankruptcy Code to perform legal services in connection with the Representative Matters set forth below and in the Application.  Pillsbury has extensive knowledge and experience with each of these kinds of matters, and has substantial experience in virtually all aspects of the law that may arise in its representation of LightSquared with respect

---

[2]       Certain of the disclosures herein relate to matters within the knowledge of other attorneys and professionals at Pillsbury and are based on information provided by them.

to the Representative Matters.  Accordingly, I believe that Pillsbury is both well-qualified and uniquely able to provide the services described below and that its retention would be in the best interest of LightSquared's estates, its creditors, and other parties in interest.

### The Representative Matters

5.      Pillsbury has represented LightSquared or its predecessors in interest since 1982, when it represented the initial applicant for a license from the Federal Communications Commission ("FCC") to provide Mobile Satellite Service.  That entity eventually became a party to the FCC license in 1989.  As part of its FCC authorization, the licensee is required by international treaties to which the United States government is a signatory to coordinate its operations with other, foreign-licensed entities that operate in the same frequency bands. Pillsbury has represented the licensee in those coordination efforts since 1989, including negotiating and drafting several recent, detailed, and complex coordination agreements that are important to LightSquared's provision of terrestrial service, and in the ongoing coordination of a new Mexican satellite system that will operate in the same frequency band as LightSquared.  The implementation of these coordination agreements requires or provides an opportunity for changes in technical standards; Pillsbury has represented LightSquared in connection with these related efforts, including efforts by the Radio Technical Committee on Aeronautics to develop standards for aeronautical receivers that are compatible with LightSquared terrestrial operations. LightSquared's terrestrial operations also require coordination with domestic users of adjacent frequencies, including those government and non-government entities operating Aeronautical Telemetry, Search and Rescue Satellite, Weather, and Radio Astronomy systems, in which efforts Pillsbury also has historically represented and continues to represent LightSquared on occasional matters involving compliance with various regulations, including controls on the

3

export of restricted technology and FCC rules for universal service fees, disability access, customer proprietary network information, and law enforcement access.

### No Duplication of Services

6.       LightSquared has also retained Latham & Watkins LLP ("Latham") as special FCC counsel to LightSquared.  The services that Latham provides to LightSquared are separate and distinct from the services that Pillsbury has been, and will be, providing LightSquared.  Pillsbury's work is comprised of the Representative Matters, which relate largely to regulation of the operation of the satellite system and to frequency coordination—matters separate from the services Latham provides.  Accordingly, the services rendered and functions to be performed by Pillsbury will not be duplicative of any work performed by other law firms retained by LightSquared.  Furthermore, in order to ensure that there is no unnecessary duplication of services by any firm during the pendency of these Chapter 11 Cases, Pillsbury will coordinate with LightSquared's other professionals to ensure that its services are, to the maximum extent possible, complementary to other professionals' services.

### Pillsbury's Connections to Parties in Interest in Matters Unrelated to the Chapter 11 Cases

7.       The conflict check system maintained by Pillsbury is designed to include every matter on which the firm is now or has been engaged, by which entity the firm is now or has been engaged, and, in each instance, the identity of related parties and adverse parties and the attorneys in the firm that are knowledgeable about the matter.  It is the policy of Pillsbury that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system and adverse party index the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and other affected and adverse parties.  Accordingly, Pillsbury

4

maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records (the "Pillsbury Database").

8.    On June 25, 2013, counsel for LightSquared provided Pillsbury with lists (collectively, the "Debtors' List") of creditors of LightSquared and other persons and entities who potentially have an interest in the Chapter 11 Cases (the "Parties in Interest").  I caused attorneys and other professionals working under my supervision to conduct a detailed review of the information generated from the Pillsbury Database regarding the Parties in Interest to determine Pillsbury's representations of clients which are adverse to LightSquared in connection with the Chapter 11 Cases.

9.    Based upon this review, while certain Parties in Interest may be current or former clients of Pillsbury, or may otherwise be involved in litigation or transactional matters in which Pillsbury represents a client, I do not believe that Pillsbury holds or represents any interest adverse to LightSquared's estates with respect to the matters for which Pillsbury is retained by the estates, except as previously disclosed in the Declaration of Disinterestedness of Bruce D. Jacobs in Support of Retention as Ordinary Course Professional.  Specifically, Pillsbury represents Wilmington Trust, National Association (as successor by merger to Wilmington Trust FSB) ("Wilmington Trust") in connection with that certain Collateral Trust Agreement, among LightSquared LP, as Borrower under the Credit Agreement (referred to therein), the Guarantors from time to time party thererto, USB AG, Stamford Branch, as Administrative Agent under the Credit Agreement, the other Parity Lien Representatives and Second Lien Representatives.[3]

---

[3]    Pillsbury also previously disclosed its representation of APA Properties No. 10, L.P, ("APA Properties") as landlord of a property occupied by one of the Debtors.  APA Properties no longer owns the subject property and no

Furthermore, to the best of my knowledge, neither Pillsbury nor any attorney at the Firm holds or represents any interest adverse to LightSquared's estates with respect to such matters.

10.     I understand that LightSquared has retained or will retain various professionals to aid in the prosecution of the Chapter 11 Cases, including the professionals included on the Debtors' List.  In the past, attorneys at Pillsbury have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests, or parties with adverse interests.  In addition, certain of these firms may be current or former clients of Pillsbury.  We believe it is also likely that many of the professionals who may appear in these Chapter 11 Cases are trustees, witnesses, advisors, or counsel, as the case may be, in transactions or Chapter 11 Cases in which Pillsbury also represents a client.  Pillsbury may retain various such professionals or affiliates thereof to provide, *inter alia*, litigation support and financial advisory services to Pillsbury or Pillsbury's clients in a variety of past, present, or future engagements.  Current employees at Pillsbury may be former employees, or related to employees, of one or more of the other professionals in these Chapter 11 Cases.  In addition, attorneys at Pillsbury belong to professional organizations to which other professionals who may appear in these Chapter 11 Cases may also belong.

11.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Pillsbury, nor any partner or associate thereof, has any connection to LightSquared or any connection to any Parties in Interest with respect to the Debtors or the Representative Matters, except as set forth herein.

12.     I am not related, and, to the best of my knowledge, no other Pillsbury attorney is related, to any United States Bankruptcy or District Judge for the Southern District of

---

longer serves as landlord.  Accordingly, Pillsbury no longer represents APA Properties on the matter, which, in any event, did not relate to matters for which Pillsbury is to be retained by the Debtors.

New York or to the U.S. Trustee in these Chapter 11 Cases.[4]

13.     Pillsbury attorneys may have personal relationships with persons affiliated with certain of the Debtors, the Parties in Interest, or their respective counsel, and with certain Judges in the Southern District of New York (whether arising from clerkships or otherwise). Pillsbury attorneys may also have ordinary business relationships with various Parties in Interest and may have previously been employed by Parties in Interest.  It is my understanding that none of the foregoing relationships are related to the Chapter 11 Cases.

14.     I do not understand Bankruptcy Rule 2014(a) or other applicable law to require disclosure of each present or future engagement Pillsbury receives from a Party in Interest as long as it is unrelated to the Representative Matters.  Pillsbury intends to accept engagements from other Parties in Interest (whether existing or new clients), but will not undertake a representation in which the client would be adverse to LightSquared with respect to the Representative Matters for which the Firm is retained.

15.     Pillsbury has a comprehensive communications industry practice.  As such, Pillsbury has represented certain clients, and continues to represent certain clients, in matters to which certain of the Debtors are or were a party.  A summary of certain of these current and prior representations are set forth in paragraph 8 above (including at note 3).

16.     In addition to its past representations of APA Properties and current representation of Wilmington Trust described above, Pillsbury is an international law firm with thousands of other clients throughout the world.  Based on the Debtors' List and the process described above in paragraph 7, Pillsbury has determined that it has represented or currently represents a number of the Parties in Interest in matters wholly-unrelated to LightSquared and

---

[4]     One Pillsbury attorney has reported that his father is a retired bankruptcy judge in the Southern District of New York.

the Representative Matters.  A list of the Parties in Interest who are former or current clients of

Pillsbury (or Pillsbury attorneys at a prior firm) is attached hereto as <u>Schedule 1</u> (collectively, the

"<u>Other Pillsbury Clients</u>" and, together with the APA Properties and Wilmington Trust, the

"<u>Pillsbury Clients</u>").  Because Pillsbury does not represent any of the Other Pillsbury Clients on

matters related to LightSquared or the Representative Matters, Pillsbury's representation of the

Other Pillsbury Clients does not create any interest adverse to LightSquared or to its estates with

respect to the Representative Matters.

      17.     I do not believe there are any actual or potential conflicts which would

preclude Pillsbury from simultaneously representing LightSquared and the Pillsbury Clients.

Based on, among other things, the following pertinent facts, I do not believe such dual

representation will cause any harm to LightSquared or the Pillsbury Clients:

- LightSquared has requested that Pillsbury represent it as special counsel in the Chapter 11 Cases.

- LightSquared has consented to and has waived any actual or potential conflicts resulting from Pillsbury's representation (including any future representation) of any Pillsbury Client, other Party in Interest, or any other person or entity that now is or may become involved or interested in the Chapter 11 Cases on transactional, bankruptcy, regulatory, and similar matters that may be adverse to LightSquared, so long as those engagements are not related to and would not cause Pillsbury to represent a party adverse to LightSquared in connection with the Representative Matters.

- No current Pillsbury representation of any Pillsbury Client is related to the Representative Matters.

- LightSquared has requested that Pillsbury implement an "ethics wall" between the attorneys and paraprofessionals representing it in the Representative Matters (the "<u>LightSquared Team</u>") and the attorneys and paraprofessionals representing Wilmington Trust in the matter described above (the "<u>Wilmington Trust Team</u>").  As a result, no member of the LightSquared Team shall work on the Wilmington Trust matter described above or have access to any file relating to such matter, and no member of the Wilmington

Trust Team shall work on the Representative Matters or have access to any file relating to the Representative Matters. Should any matter arise during these Chapter 11 Cases that would require Pillsbury's direct adversity to a current client in connection with the Representative Matters, Pillsbury will obtain appropriate waivers or such matter will be handled by conflicts counsel.

18.    Additionally, Pillsbury will not represent any creditors or other parties in interest in the Chapter 11 Cases adverse to LightSquared with respect to the Representative Matters for which the Firm is retained, as required by section 327(e) of the Bankruptcy Code.

## Securities Ownership

19.    Certain individual attorneys at Pillsbury may own or have beneficial interests in trusts owning securities of LightSquared and may own securities of other Parties in Interest. We have not conducted any investigation of such attorneys' banking, insurance, brokerage, or investment activities in preparing this Declaration.  It should be noted, however, that Pillsbury has a long-standing policy prohibiting all attorneys and support staff from using any confidential information that may come to their attention in the course of their work.

20.    It is my understanding that a large number of LightSquared's debt and equity securities are held by various mutual funds, hedge funds, trusts and portfolios, and accounts that are managed by various advisors.  Pillsbury does not know the ultimate beneficial owners of the funds, although it is believed they are widely held.  Similarly, many of LightSquared's securities are registered in the name of Depository Trust Company or its nominee, and securities entitlements to such securities are held through securities accounts maintained by brokers, investment advisors, and other securities intermediaries.  The ultimate owners of the securities entitlements are unknown to Pillsbury, except for those reported on the list of parties in interest provided by LightSquared's counsel.  It is possible that some of such holders may be partners, employees, or clients of Pillsbury.

## Compensation

21.    The hourly rates and corresponding rate structure utilized by Pillsbury in

the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structures used by

Pillsbury in restructuring, workout, bankruptcy, insolvency, and comparable matters, and in

complex corporate matters, whether in court or otherwise, regardless of whether a fee application

is required.  Such complex matters are typically national in scope, and these rates and rate

structures are based on the great complexity, high stakes and severe time pressures of the

matters.

22.    Pillsbury operates in a competitive, national marketplace for legal services

in which rates are driven by multiple factors relating to the individual lawyer, his or her area of

specialization, the firm's expertise, performance and reputation, the nature of the work involved,

and other factors.  An increasing number of law firms regularly compete for retention on these

and similar types of matters.  Because the sub-markets for legal services are fragmented and are

affected by a variety of individualized and interdependent factors, Pillsbury has no one rate for

an individual biller that applies to all matters for all clients.  Pillsbury rates for an individual

biller may vary as a function of the type of matter, geographic factors, the nature of certain long-

term client relationships, and various other factors, including those enumerated above.

23.    Pillsbury's hourly rates are set at a level designed to fairly compensate

Pillsbury for the work of its attorneys and other professionals and to cover fixed and routine

overhead expenses.  Hourly rates vary with the experience and seniority of the individuals

assigned.  All hourly rates are subject to periodic adjustments to reflect economic and other

conditions, and Pillsbury will provide notice to LightSquared and the U.S. Trustee prior to any

increases in Pillsbury's rates.[5]  Pillsbury has informed LightSquared that the current hourly

billing rates for Pillsbury professionals expected to spend significant time on the Representative

Matters range from $670-715 for partners, $610-640 for counsel, $415-610 for associates, and

$215-280 for paraprofessionals.

24.    Pillsbury believes that such rates are reasonable and comparable to the

rates other firms charge for similar services and should be approved by the Court subject to a

determination of the amounts to be paid to Pillsbury upon application for allowance.

25.    During the course of these Chapter 11 Cases, Pillsbury will invoice

LightSquared no less frequently than monthly for services rendered and charges and

disbursements incurred.  Pillsbury will maintain detailed contemporaneous records of time and

any actual or necessary expenses incurred in connection with the services rendered for

LightSquared.  Pillsbury intends to apply to the Court for allowance of compensation for

professional services rendered and reimbursement of charges and disbursements incurred in

connection with its engagement in accordance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, all guidelines promulgated by the U.S. Trustee,

and the orders of this Court.

26.    No promises have been received by Pillsbury, or any attorney of the Firm,

as to payment or compensation for these Chapter 11 Cases other than in accordance with the

provisions of the Bankruptcy Code.  Pillsbury has no agreement with any other entity to share

any compensation received, nor will any be made, except as permitted under section 504(b)(1) of

the Bankruptcy Code.

---

[5]    Pillsbury usually revises its billing rates and charges annually, but reserves the right to revise them at other times.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.


Dated:  July 2, 2013

                                          /s/ Bruce D. Jacobs
                                          Bruce D. Jacobs

<u>**Schedule 1**</u>

<u>**PARTIES SEARCHED IN CONFLICT DATABASE**</u>

<u>**Debtor Entities and Affiliates**</u>

<u>LightSquared Inc.</u>
LightSquared Investors Holdings Inc.
LightSquared GP Inc.
LightSquared LP
LightSquared Corp.
LightSquared Finance Co.
LightSquared Network LLC
LightSquared Inc. of Virginia
LightSquared Subsidiary LLC
Lightsquared Bermuda Ltd.
LightSquared (UK) Limited

<u>**Current and Former Directors and Officers**</u>

James McGinnis
Randy Segal
Douglas Smith
Jeff Snyder
Susan Miller
Gary M. Parsons

<u>**Lenders and Agents**</u>

Alpine
Appaloosa
Bank of America, N.A.
Candlewood
Capital Res
Centaurus
Citigroup Financial Products
Credit Suisse
Fortress
Goldman - Lending Partners
Jefferies
JPMorgan Chase, N.A.
King Street
Manulife
Mariner
Onex
Owl Creek
Providence

Putnam
Redwood
Royal Bank of Scotland
Solus
Taconic
U.S. Bank
UBS
Wayzata
Wilmington Trust

**Potential Unsecured Creditors**

Abovenet Communications Inc
Alcatel-Lucent
Amazon Web Services LLC
Boeing Satellite Systems Inc
Burson-Marsteller
Cintas Corp
Compass Group Canada (Beaver)
Corporate Express
Crown Castle USA Inc
Federal Airways & Airspace
Fedex
Inmarsat Global Limited
Intertek Testing Services NC Inc
Iron Mountain - MSV
John Hancock Life Insurance Co
Leica Geosystems Inc
Liebert Services Inc
Mobile Frontiers LLC
Nokia Siemens Networks US LLC
Oracle Inc
Pitney Bowes
Polaris Logistics
Service Master Of Canada
Simplexgrinnell Lp
Triton Security Inc
United Parcel Service
Vertex Inc

**Landlords**

APA Properties No 10 LP
Intelsat

## Utilities

AT&T
AT&T Global Services Canada Co
Bell Canada
Enbridge Inc.
Level 3 Communications LLC
Neustar Inc
Rogers Communications
Sprint
Telus
Verizon

## Contract Counterparties

Advantage Engineers
AirTouch Communications, Inc.
Alcatel-Lucent USA Inc.
American Tower
Arizona Public Service Company
Astrum
Axiom
BCI Communications
Best Buy Connect, LLC
Boeing Satellite Systems, Inc.
Broadcore
C. Davis
CenterBeam
Comcast Business Communications
Comtek
Convergys
Cox Communications
Deloitte
Dial Tone Service
DukeNet
Environmental Corporation of America
ESCO Technologies, LLC
FiberTower
Fidelity National
Gilbert & Associates
Global Tower Partners
Hughes Network Systems LLC
Inmarsat Global Limited
InterGlobe Communications
International Launch Services, Inc.
International Satellite Services (ISS)

ISP Store, LLC
Jefferies
Kroll
Level 3 Communications
LMG, lnc.
Mark Thomas
Mobile Frontiers
Motorola Mobility, Inc.
Nokia Siemens Networks US LLC
OnDemand
Pension Fund
Qualcomm Inc.
Qwest
RKF Engineering
Schaefer+Co
Sharp Corp.
SkyBitz Inc
Telegent Engineering, Inc.
Teleworld Solutions Inc.
TerreStar
T-Mobile
United Online, Inc.
VCI Group, Inc.
VoX Communications Corp
Westar
Wipro
Wireless Facilities, Inc
Wireless Matrix
XATA Corporation (formerly Geologic formerly Aether)
Xcel Energy
YourTel America, Inc.

## **Professionals**

American Continentail Group, Inc
Arent Fox LLP
Ballard Spahr LLP
Blake Cassels and Graydon
Clark & Weinstock Inc
Cooley Godward Kronish LLP
Covington & Burling
Davis Polk and Wardwell LLP
Deloitte Financial Advisory Services LLC
Dickstein Shapiro LLP
Duff & Phelps LLC
Ernst & Young

ETSI
Gibson, Dunn & Crutcher LLP
Gilbert & Associates, Inc.
Hogan & Hartson
Hogan Lovells LLP
Jackson Lewis LLP
Jose Lloreda Camacho & Co
Joseph P. Kennedy II
Kelley Drye and Warren LLP
Kirkland and Ellis LLP
Kroll
Latham & Watkins
Lee and Li
Linklaters
Mayer Brown LLP
Mccarthy Tetrault LLP
Nossaman LLP
Olsson Frank Weeda Terman Matz PC
Patton Boggs, LLP
Pillsbury Winthrop Shaw Pittman LLP
Pricewaterhousecooper LLP
Shearman and Sterling LLP
Skadden Arps Slate Meagher & Flom LLP
Squire Sanders & Dempsey LLP
Thomson Financial LLC
Weil, Gotshal & Manges LLP
Wexler & Walker Public Policy
Winburn Inc./Palmetto Group

### Insurance Brokers

Willis Inspace

### Insurance Carriers

Aioi Nissay Dowa
Argo
Atrium
C.N.A.
Chubb
Global
Liberty
Mitsui
Sciemus
Scor
Starr

Tokio Marine
Travelers
XL

## Shareholders

Centaurus Capital, LP
SOLUS LLC

## Parties Who Have Filed a Notice of Appearance

Universal Service Administrative Company

Oracle America, Inc.

U.S. Bank National Association

Comerica Bank

AT&T Corp.

APA Properties No. 10, LP

**<u>Exhibit B</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |
|---|---|
| In re: | ) |
|   | ) Chapter 11 |
| LIGHTSQUARED INC., *et al.*, | ) |
|   | ) Case No. 12-12080 (SCC) |
| Debtors.[1] | ) |
|   | ) Jointly Administered |
|   | ) |

_____

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING EMPLOYMENT AND RETENTION OF PILLSBURY WINTHROP SHAW PITTMAN LLP AS SPECIAL COUNSEL TO LIGHTSQUARED *NUNC PRO TUNC* TO THE DATE OF THE APPLICATION

Upon the application (the "Application")[2] of LightSquared Inc. and certain of its

affiliates, as debtors and debtors in possession (collectively, "LightSquared" or the "Debtors") in

the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (this

"Order"), pursuant to section 327(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(as amended, the "Bankruptcy Code"), authorizing (i) the employment and retention of Pillsbury

Winthrop Shaw Pittman LLP ("Pillsbury") as special counsel for LightSquared *nunc pro tunc* to

the date of the Application and upon the Declaration of Bruce D. Jacobs (the "Jacobs

Declaration"), attached to the Application as Exhibit A; and the Court having considered the

Application and the Jacobs Declaration and determined that the employment of Pillsbury by

LightSquared is in the best interests of LightSquared's estates, its creditors, and other parties in

---

[1]      The debtors in these Chapter 11 Cases (as defined below), along with the last four digits of each debtor's federal or foreign tax or registration identification number, are:  LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040).  The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

[2]      Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

interest; and the Court having considered the Jacobs Declaration and the Court being satisfied

that Pillsbury neither holds nor represents any interest adverse to LightSquared's estates with

respect to the matters upon which it is to be employed as required by section 327(e) of the

Bankruptcy Code; and it appearing that this Court has jurisdiction over this matter pursuant to 28

U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2); and it appearing that venue of this proceeding and the Application in this Court is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application appearing

adequate and appropriate under the circumstances; and the Court having found that no other or

further notice is needed or necessary; and the Court having reviewed the Application and the

Jacobs Declaration and having heard statements in support of the Application at a hearing held

before the Court (the "Hearing"); and the Court having determined that the legal and factual

bases set forth in the Application and at the Hearing establish just cause for the relief granted

herein; and it appearing, and the Court having found, that the relief requested in the Application

is in the best interests of LightSquared's estates, its creditors, and other parties in interest; and

any objections to the relief requested in the Application having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

   1. The Application is granted and approved to the extent provided herein,

*nunc pro tunc* from the date of the Application.

   2. LightSquared is authorized to employ Pillsbury as special counsel in

accordance with section 327(e) of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules, and

Rule 2014-1 of the Local Rules, *nunc pro tunc* to the date of the Application.

3.      Pillsbury shall file interim and final fee applications for allowance of its

compensation and expenses in accordance with the applicable provisions and procedures set

forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended

Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of

Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements

for Professionals in the Southern District of New York, dated November 25, 2009, the United

States Trustee Fee Guidelines, and such other procedures as may be fixed by order of this Court.

Notwithstanding this Paragraph 3, Pillsbury shall not be required to file interim or final fee

applications concerning amounts previously paid to it by LightSquared subject to the Order

Authorizing Debtors' Retention and Compensation of Certain Professionals Utilized in the

Ordinary Course of Business [Docket No. 123] (the "OCP Order").[3]  Such amounts shall be

deemed finally approved.

4.      Pillsbury shall, to the extent possible, allocate its readily allocable fees and

expenses among the Inc. Group[4] and LP Group[5] in its monthly fee statements, interim fee

applications, and final fee application.  For fees and expenses that cannot be readily allocated,

the estates will propose an allocation that shall be reasonably acceptable to the Prepetition Inc.

Agent and Prepetition LP Agent or approved by the Court after notice and a hearing.  The Court

will determine in connection with any objection to a fee statement, interim fee application, and

---

[3]      To the extent Pillsbury exceeded the OCP Monthly Cap (as defined in the OCP Order), it shall remain
subject to paragraph 2(e) of the OCP Order.

[4]      The "Inc. Group" consists of the following Debtor entities:  LightSquared Inc., One Dot Six Corp., One
Dot Four Corp., One Dot Six TVCC Corp., SkyTerra Rollup LLC, SkyTerra Rollup Sub LLC, and SkyTerra
Investors LLC.

[5]      The "LP Group" consists of the following Debtor entities:  LightSquared Inc., LightSquared LP, ATC
Technologies, LLC, LightSquared Corp., LightSquared Finance Co., LightSquared Network LLC, LightSquared Inc.
of Virginia, LightSquared Subsidiary LLC, SkyTerra Holdings (Canada) Inc., SkyTerra (Canada) Inc., Lightsquared
Bermuda Ltd., LightSquared Investors Holdings Inc., TMI Communications Delaware, Limited Partnership, and
LightSquared GP Inc.

the final fee application any allocation disputes among the Inc. Group and the LP Group.  The

failure of any party in interest to object to any monthly statement or interim fee application in

respect of the allocation of fees and expenses or otherwise shall not prejudice such party's right

to object to the final fee application on any grounds, including, without limitation, the allocation

of fees and expenses.

        5.      Prior to any increases in Pillsbury's rates, Pillsbury shall file a

supplemental declaration with the Court and provide ten business days' notice to LightSquared

and the U.S. Trustee.  The supplemental declaration shall explain the basis for the requested rate

increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether

LightSquared has consented to the rate increase.  The U.S. Trustee retains all rights to object to

any rate increase on all grounds including, but not limited to, the reasonableness standard

provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any

rate increase pursuant to section 330 of the Bankruptcy Code.

        6.      LightSquared is authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order in accordance with the Application.

        7.      The requirements set forth in Local Rule 9013-1(a) are satisfied.

        8.      The Court retains jurisdiction with respect to all matters arising from or

related to the implementation and interpretation of this Order, including without limitation,

Pillsbury's provision of legal services to LightSquared and related activities and conduct.

        9.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

New York, New York
Date: _____, 2013

                                    _____
                                      HONORABLE SHELLEY C. CHAPMAN
                                      UNITED STATES BANKRUPTCY JUDGE