UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| LIGHTSQUARED INC., *et al.,* | ) Case No. 12-12080 (SCC) |
| Debtors.[1] | ) Jointly Administered |

**SECOND ORDER AMENDING AMENDED AGREED FINAL ORDER
(A) AUTHORIZING DEBTORS TO USE CASH COLLATERAL,
(B) GRANTING ADEQUATE PROTECTION TO PREPETITION
SECURED PARTIES, AND (C) MODIFYING AUTOMATIC STAY**

Upon the initial motion (the "Initial Motion")[2] of LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "LightSquared" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), seeking entry of an interim order and a final order, under sections 105, 361, 362, 363(c), and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), *inter alia:*

(a)  authorizing the use of Cash Collateral (within the meaning of section 363(a) of the Bankruptcy Code) of the Prepetition Secured Parties and providing adequate protection to the Prepetition Secured Parties for any diminution in value of their

---

[1]  The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Initial Motion and the Amended Cash Collateral Order (as defined below), as applicable.

    interests in the Prepetition Collateral, pursuant to sections 361, 362, and 363 of the Bankruptcy Code;

(b)  vacating and modifying the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Initial Cash Collateral Order (as defined below), as limited pursuant thereto;

(c)  scheduling, pursuant to Bankruptcy Rule 4001, an interim hearing to consider the relief requested in the Motion on an interim basis; and

(d)  scheduling, pursuant to Bankruptcy Rule 4001, a final hearing (the "<u>Final Hearing</u>") to consider the relief requested in the Motion on a final basis.

  The Court having considered the Initial Motion, the *Declaration of Marc R. Montagner, Chief Financial Officer and Interim Co-Chief Operating Officer of LightSquared Inc., (A) in Support of First Day Pleadings and (B) Pursuant to Rule 1007-2 of Local Bankruptcy Rules for United States Bankruptcy Court for Southern District of New York* [Docket No. 3], the exhibits and schedules attached thereto, and the evidence submitted at the Final Hearing; and notice of the Final Hearing having been given in accordance with Bankruptcy Rules 4001(b) and (d) and 9014; and the Final Hearing to consider the relief requested in the Initial Motion having been held and concluded; and all objections, if any, to the relief requested in the Initial Motion having been withdrawn, resolved, or overruled by the Court; and the Court having entered the *Agreed Final Order (A) Authorizing Debtors To Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, and (C) Modifying Automatic Stay* [Docket No. 136] (the "<u>Initial Cash Collateral Order</u>") on June 13, 2012 upon consent of LightSquared, the Prepetition LP Agent, on behalf of the Prepetition LP Lenders, and the Ad Hoc LP Secured Group; and the Prepetition LP Agent, on behalf of the Prepetition LP Lenders, and the Ad Hoc LP Secured Group having agreed to permit LightSquared to amend the Initial Cash Collateral Order to continue to use the Prepetition LP Lenders' Cash Collateral through and including December 31, 2013 on

substantially similar terms as currently set forth in the Initial Cash Collateral Order in connection with that certain *Order Pursuant to 11 U.S.C. § 1121(d) Further Extending LightSquared's Exclusive Periods To File a Plan of Reorganization and Solicit Acceptances Thereof* [Docket No. 522] (the "Second Exclusivity Extension Order"); and the Court having entered the *Amended Agreed Final Order (A) Authorizing Debtors To Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, and (C) Modifying Automatic Stay* [Docket No. 544] (as amended or modified, the "Amended Cash Collateral Order"); and the Prepetition LP Agent, on behalf of the Prepetition LP Lenders, and the Ad Hoc LP Secured Group having agreed to permit LightSquared to amend the Amended Cash Collateral Order to, among other things, continue to use the Prepetition LP Lenders' Cash Collateral through and including January 31, 2014 on substantially similar terms as currently set forth in the Amended Cash Collateral Order; and the Court having entered the *Order Amending Amended Agreed Final Order (A) Authorizing Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, and (C) Modifying Automatic Stay* [Docket No. 1118] (the "Cash Collateral Extension Order"); and the Court having considered the Debtors' subsequent motion, submitted at the direction, and with the support, of the special committee of the boards of directors for LightSquared Inc. and LightSquared GP Inc., for an order (a) authorizing the LP DIP Obligors to obtain superpriority senior secured priming postpetition financing, (b) granting superpriority liens and providing superpriority administrative expense status, (c) granting adequate protection, and (d) modifying automatic stay [Docket No. 1237] (the "LP DIP Facility Motion") seeking, *inter alia*, entry of an order (this "Order") further amending the Amended Cash Collateral Order to, among other things, permit the LP Debtors to continue to use the Prepetition LP Lenders' Cash Collateral through and including April 15, 2014 on substantially similar terms as currently

3

set forth in the Amended Cash Collateral Order; and all objections, if any, to the relief requested in the LP DIP Facility Motion having been withdrawn, resolved, or overruled by the Court; and the Court having entered on a date even herewith that *Order (A) Authorizing LP DIP Obligors To Obtain Superpriority Senior Secured Priming Postpetition Financing, (B) Granting Superpriority Liens and Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* (the "LP DIP Order"); and it appearing to the Court that entry of this Order is fair and reasonable and in the best interests of the Debtors, their estates, and their stakeholders, and is essential for the continued management of the Debtors' businesses; and after due deliberation and consideration, and for good and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. All of the terms of the Amended Cash Collateral Order shall remain in full force and effect pursuant to the terms thereof, except to the extent modified or further modified by this Order.

2. The last sentence of paragraph F(ii) of the Amended Cash Collateral Order is hereby amended in its entirety as follows: "Notwithstanding anything to the contrary in this Amended Final Order, capital expenditure lines totaling $2.805 million may be used on an aggregate basis at any time until April 15, 2014."

3. Paragraph 4 of the Amended Cash Collateral Order is hereby amended as follows:

   (a) The first sentence of paragraph 4 is amended by replacing "ECF" with "Docket" and by inserting "(the "Cash Management Order")" at the end of the sentence;

   (b) Paragraph 4 is amended by inserting the following after the sentence "The Ad Hoc Secured Group hereby consents to the repayment, to LightSquared Inc., of any costs and expenses paid on behalf of the LP Obligors' estates since the Petition Date.": "To the extent the Debtors are required to give notice to any party as set forth in the Cash Management Order, such notice shall also be given

4

       to Willkie Farr & Gallagher LLP and White & Case LLP (whom shall reasonably promptly forward such information to each of the LP DIP Lenders (with each LP DIP Lender being delivered such information at substantially the same time as all other LP DIP Lenders))."

       4.     Paragraph 7(d) of the Amended Cash Collateral Order is hereby amended by replacing the words "December 31, 2013" with the words "April 15, 2014."

       5.     Paragraph 14 of the Amended Cash Collateral Order is hereby amended as follows:

    (a)    The first sentence of paragraph 14 is hereby amended by deleting the words "subparagraph (o)" and inserting the words "subparagraph (n)";

    (b)    The first sentence of section (f) of paragraph 14 is hereby amended by inserting ", the *Order (A) Authorizing LP DIP Obligors To Obtain Superpriority Senior Secured Priming Postpetition Financing, (B) Granting Superpriority Liens and Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* (the "LP DIP Order")," following the clause "Except as expressly allowed in this Amended Final Order";

    (c)    Section (h) of paragraph 14 is hereby amended by inserting "(i)" between the words "with" and "financing" and by inserting the following at the end of the sentence: ", or (ii) financing provided to the LP DIP Obligors (as defined in the LP DIP Order) in connection with the LP DIP Order";

    (d)    The first sentence of section (k) of paragraph 14 is hereby amended by inserting the following at the beginning of the sentence: "Other than the LP DIP Facility Motion (as defined in the LP DIP Order),";

    (e)    The first sentence of section (l) of paragraph 14 is hereby amended by inserting the following at the beginning of the sentence: "Other than the LP DIP Facility Motion,"; and

    (f)    Section (n) of paragraph 14 is hereby amended by deleting the words "January 31, 2014." and inserting the words "April 15, 2014."

       6.     Paragraph 25 of the Amended Cash Collateral Order is hereby amended by inserting the words "SP Special Opportunities, LLC," after "the Ad Hoc LP Secured Group,".

       7.     The Budget attached as <u>Schedule 1</u> to the Cash Collateral Extension Order is hereby replaced in its entirety by the Budget attached hereto as <u>Schedule 1</u>. Notwithstanding

5

anything to the contrary in the Amended Cash Collateral Order or the Cash Collateral Extension Order, failure to comply with the Budget shall not constitute an LP Termination Event.

8. For the avoidance of doubt, as set forth in paragraph 7(c) of the Amended Cash Collateral Order, the LP Obligors shall pay the LP Adequate Protection Payment to the Prepetition LP Agent, for the benefit of the Prepetition LP Lenders, on the first Business Day of February 2014 and March 2014, but shall not be required do so in April 2014; *provided, however*, that payment of the April 2014 LP Adequate Protection Payment shall not be deemed waived in the event that the Amended Cash Collateral Order is further extended.

9. Paragraph 3 of the Cash Collateral Extension Order shall have no further force and effect.

10. Any objections to the entry of this Order, to the extent not withdrawn or resolved, are hereby overruled.

11. This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately upon execution thereof.

12. This Court has and will retain jurisdiction to enforce this Order according to its terms.

Dated: February 4, 2014
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1

# BUDGET

# LightSquared LP Group DIP Budget: 1Q 2014 Financial Cash Flow Forecast

Dollars in thousands

| Quarter | | | 1Q14 | |
|---|---|---|---|---|
| Month | | Jan-14 | Feb-14 | Mar-14 |
| Beginning Cash Balance | | 13,490 | 311 | (6,993) |
| **Sources** | | | | |
| Satellite Revenue | | 1,233 | 1,343 | 1,259 |
| Terrestrial Revenue | | - | - | - |
| Interest Income | | 2 | 0 | - |
| Equity Financing | | - | - | - |
| Debt Financing | | - | - | - |
| Financing Fees | | - | - | - |
| Other | | - | - | - |
| **Total Sources** | | **1,235** | **1,343** | **1,259** |
| | In-Orbit / Launch Insurance | - | - | - |
| | ISAT Coop Agmt | - | - | 5,000 |
| | L-Band network infrastructure | 12 | 12 | 12 |
| | ERP | 22 | 88 | 22 |
| | Spectrum Management | - | - | - |
| Uses | Staffing Related (entire company) | 2,137 | 5,777 | 1,766 |
| (OPEX) | Legal / Regulatory / Lobbying / International | 1,248 | 1,508 | 1,015 |
| | Facilities/Telecom | 658 | 658 | 658 |
| | G&A | 336 | 666 | 4,706 |
| | Travel Expenses (entire company) | 50 | 50 | 50 |
| | Other Items | 1,330 | 948 | 1,076 |
| | **Subtotal - USES (OPEX)** | **5,792** | **9,706** | **14,304** |
| | Boeing Payments | - | - | 2,025 |
| | Qualcomm | - | - | - |
| Uses | Alcatel Lucent S-BTS | - | - | - |
| (CAPEX) | Current Network Maintenance/Capex | - | 150 | - |
| | BandRich | - | - | - |
| | **Subtotal - USES (CAPEX)** | **-** | **150** | **2,025** |
| Debt Service | Cash Interest | - | - | - |
| Restructuring | Restructuring Prof exclud W&C / Blackstone | 2,372 | 4,000 | 2,104 |
| Related | LP Adequate Protection Payments | 6,250 | 6,250 | 6,250 |
| **Total Uses** | | **14,414** | **20,106** | **24,683** |
| **LP Group Ending Cash Balance** | | **311** | **-** | **-** |
| TMI Beginning Cash Balance | | 11,459 | 11,459 | - |
| Use of TMI Cash | | - | (11,459) | - |
| **TMI Ending Cash Balance** | | **11,459** | **-** | **-** |
| **LP Group Ending Cash Balance including Cash at TMI** | | **11,770** | **(6,993)** | **(30,417)** |



January 2014