**Presentment Date and Time: February 26, 2014 at 1:00 p.m. (prevailing Eastern time)**
**Objection Deadline: February 26, 2014 at 12:00 p.m. (prevailing Eastern time)**

Matthew S. Barr
Steven Z. Szanzer
Karen Gartenberg
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
One Chase Manhattan Plaza
New York, NY  10005-1413
(212) 530-5000

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
REGARDING (I) PROOFS OF CLAIM FILED BY ANYDATA
CORPORATION AGAINST LIGHTSQUARED AND
(II) LIGHTSQUARED'S OBJECTION RELATED THERETO**

**PLEASE TAKE NOTICE** that LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "LightSquared") in the above-captioned chapter 11 cases, will present the annexed *Stipulation and Order Regarding (I) Proofs of Claim Filed by AnyDATA Corporation Against LightSquared and (II) LightSquared's Objection Related Thereto* (the "Stipulation and Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **February 26, 2014 at 1:00 p.m. (prevailing Eastern time)**.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation and Order is made in writing, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, and is filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (a) by registered users of the Bankruptcy Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (b) by all other parties in interest in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, and served in accordance with General Order M-399 upon each of the following: (i) LightSquared Inc., 10802 Parkridge Boulevard, Reston, VA 20191, Attn: Marc R. Montagner and Curtis Lu, Esq.; (ii) counsel to LightSquared, Milbank, Tweed, Hadley & M$^c$Cloy LLP, One Chase Manhattan Plaza, New York, NY 10005-1413, Attn: Matthew S. Barr, Esq., Steven Z. Szanzer, Esq. and Karen Gartenberg, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Susan D. Golden, Esq.; (iv) counsel to U.S. Bank National Association, as administrative agent under the Prepetition Inc. Credit Agreement and the DIP Agreement, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Esq. and Kenneth A. Davis, Esq.; (v) counsel to UBS AG, Stamford Branch, as administrative agent under the Prepetition LP Credit Agreement, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: Mark A. Broude, Esq.; (vi) counsel to the ad hoc secured group of Prepetition LP Lenders, White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036, Attn: Thomas E Lauria, Esq. and Scott Griessman, Esq.; (vii) counsel to Harbinger Capital Partners, LLC, Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY 10019, Attn:

David M. Friedman, Esq. and Adam L. Shiff, Esq.; and (viii) counsel to AnyDATA Corporation, Stradling Yocca Carlson & Rauth, a Professional Corporation, 100 Wilshire Boulevard, 4th Floor, Santa Monica, CA 90401, Attn: Paul R. Glassman, Esq. and Marianne S. Mortimer, Esq., so as to be actually received by **February 26, 2014 at 12:00 p.m. (prevailing Eastern time)**, there will not be a hearing, and the Stipulation and Order may be signed and entered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served, a hearing (the "Hearing") will be held to consider the Stipulation and Order before the Honorable Shelley C. Chapman, Judge of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004, at a date and time to be determined by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

New York, New York
Dated: February 19, 2014

Respectfully submitted,

 /s/ *Matthew S. Barr*
Matthew S. Barr
Steven Z. Szanzer
Karen Gartenberg
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| LIGHTSQUARED INC., *et al.*, | ) Case No. 12-12080 (SCC) |
|  | ) |
| Debtors.[1] | ) Jointly Administered |
|  | ) |

**STIPULATION AND ORDER REGARDING (I) PROOFS OF CLAIM FILED
BY ANYDATA CORPORATION AGAINST LIGHTSQUARED AND
(II) LIGHTSQUARED'S OBJECTION RELATED THERETO**

This stipulation and order (the "Stipulation and Order") is made and entered into by and between LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "LightSquared" or the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and AnyDATA Corporation ("AnyDATA and, together with the Debtors, the "Parties"), through their respective counsel, regarding (i) the Proofs of Claim (defined below) filed by AnyDATA in the Chapter 11 Cases and (ii) LightSquared's objection to certain of such Proofs of Claim.

**RECITALS**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), LightSquared filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code;

**WHEREAS**, on August 14, 2012, the Court entered an order [Docket No. 266] (the "Bar Date Order") that, among other things, established September 25, 2012 at 5:00 p.m.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

(prevailing Eastern time) (the "Bar Date") as the deadline for all persons and entities holding or wishing to assert a "claim" (as defined under section 101(5) of the Bankruptcy Code) (each, a "Claim") against any of the Debtors that arose prior to the Petition Date to file a proof of such Claim in writing in the Chapter 11 Cases;

WHEREAS, on September 21, 2012, AnyDATA filed a proof of claim (designated by the respective Claim numbers set forth on **Exhibit A** attached hereto) against each of the Debtors (collectively, the "Proofs of Claim"), asserting a prepetition general unsecured claim against each of the respective Debtors in an amount not less than $690,000 for services performed prior to the Petition Date;

WHEREAS, the Proofs of Claim each relate to certain agreements entered into prior to the Petition Date, by and between AnyDATA and certain of the Debtors, including, but not limited to, that certain Amended and Restated Module and Modem Development and Purchase Commitment Agreement (the "Agreement"), entered into on September 12, 2011, between AnyDATA and LightSquared LP, one of the Debtors;

WHEREAS, on October 25, 2013, LightSquared filed *LightSquared's First Omnibus Objection to Certain Proofs of Claim (Amended and Superseded Claims, Duplicative Claims, Cross Debtor Duplicate Claims, Untimely Filed Claims, and Wrong Debtor Claims)* [Docket No. 968] (the "Objection"), whereby, among other things, LightSquared objected to all of the Proofs of Claim other than the Proof of Claim filed by AnyDATA against LightSquared LP (i.e., Claim Nos. 114-131 and 133 on the claims register, collectively, the "Non-LP Proofs of Claim"), on the bases that (a) the Non-LP Proofs of Claim were duplicative of the Proof of Claim filed by AnyDATA against LightSquared LP (i.e., Claim No. 132 on the claims register, the "LP Proof of Claim"), and (b) LightSquared determined that its books and records did not reflect the

2

liabilities asserted in the Non-LP Proofs of Claim;

WHEREAS, on November 22, 2013, LightSquared filed an initial schedule of executory contracts and unexpired leases to be assumed by LightSquared in connection with a chapter 11 plan [Docket No. 1038] (as altered, modified, amended, or supplemented, the "Schedule of Assumed Agreements"), which listed the Agreement and identified an amount of $690,000 as the cure obligation to be satisfied in connection with LightSquared's assumption, or assumption and assignment, of the Agreement (the "LP Cure Amount"). On December 24, 2013 and then on December 31, 2013, LightSquared filed amended Schedules of Assumed Agreements [Docket Nos. 1136 and 1166] in connection with the *Debtors' Revised Second Amended Joint Plan Pursuant to Chapter 11 of Bankruptcy Code* [Docket No. 1166] (as altered, modified, amended, or supplemented), which did not list the Agreement.

WHEREAS, subsequent to the filing of the Objection, the Parties conferred in an effort to amicably resolve the Objection and any disputes with respect to the Proofs of Claim; and

WHEREAS, as of the date hereof, the Parties have resolved the Objection and (a) LightSquared has agreed to allow the LP Proof of Claim in the amount of $690,000, as a general unsecured claim against LightSquared LP and (b) AnyDATA has agreed to the withdrawal, disallowance, and expungement with prejudice of the Non-LP Proofs of Claim.

**STIPULATION AND ORDER**

**NOW, THEREFORE**, in consideration of the foregoing, the Parties to this Stipulation and Order hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and Order and are incorporated fully herein.

2. Upon the Parties' entry into this Stipulation and Order, the LP Proof of Claim shall be deemed allowed as a general unsecured claim in the amount of $690,000 as against LightSquared LP and its estate.

3. Upon the Parties' entry into this Stipulation and Order, the Non-LP Proofs of Claim shall be deemed withdrawn, disallowed, and expunged with prejudice (*i.e.,* the LP Proof of Claim shall be the only surviving Claim on behalf of AnyDATA as against any of the Debtors).

4. The LP Proof of Claim shall receive treatment in accordance with the terms of any confirmed chapter 11 plan or other Court order allowing or authorizing payment or other treatment of allowed general unsecured claims against LightSquared LP.

5. To the extent that the Agreement is ultimately assumed, or assumed and assigned, by LightSquared, (a) LightSquared shall distribute the LP Cure Amount to AnyDATA in connection with a Court order approving such assumption, or assumption and assignment, and (b) once the full amount of the LP Cure Amount has been paid to, and received by, AnyDATA in an amount no less than $690,000, then (i) the LP Proof of Claim shall be deemed withdrawn, disallowed, and expunged with prejudice, and (ii) AnyDATA shall no longer be entitled to any distributions on account of the LP Proof of Claim in accordance with the terms of any confirmed chapter 11 plan or other Court order allowing or authorizing payment or other treatment of allowed general unsecured claims against LightSquared LP.

6. Subject to paragraph 5 herein, upon AnyDATA's receipt of all distributions or other treatment to which AnyDATA is entitled on account of the LP Proof of Claim, pursuant to any confirmed chapter 11 plan of LightSquared LP or other Court order allowing or authorizing payment or other treatment of allowed general unsecured claims against

LightSquared LP, the LP Proof of Claim shall be deemed satisfied in full.

7. With respect to the Proofs of Claim and the alleged liabilities referenced therein (<u>excluding</u> (a) the LP Proof of Claim and AnyDATA's right to receive distributions or other treatment on account of the LP Proof of Claim, (b) AnyDATA's right to receive the LP Cure Amount as contemplated herein, (c) AnyDATA's rights in relation to the Agreement not expressly addressed herein, and (d) any Claims arising out of or in connection with this Stipulation and Order), AnyDATA and its successors and assigns, and its members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees, and attorneys (y) shall have no further right to payment or distributions from the Debtors, their estates, affiliates, or their respective successors or assigns, and (z) hereby irrevocably waive, release, and relinquish any and all Claims against any of the Debtors, and are hereby barred from asserting any and all such Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity.

8. Notwithstanding the foregoing, or anything to the contrary contained herein, the Parties each reserve their rights with respect to any matter or Claim not addressed in this Stipulation and Order and not pertaining to the Proofs of Claim.

9. The Parties hereby waive any and all rights to reconsideration of the Proofs of Claim provided for under section 502(j) of the Bankruptcy Code or otherwise available in law or equity.

10. Upon the Court's entry of this Stipulation and Order, LightSquared's claims and solicitation agent, Kurtzman Carson Consultants LLC, is hereby authorized and empowered to adjust and update the claims register to reflect the relief agreed upon and granted

in this Stipulation and Order with respect to the Proofs of Claim.

11. The Parties represent and warrant that each has full power and authority to enter into, and perform under, this Stipulation and Order.

12. This Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein and supersedes all prior and contemporaneous discussions, negotiations, understandings, and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation and Order.

13. This Stipulation and Order may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed an original.

14. This Stipulation and Order shall be binding on the Parties upon execution, and may not be altered, modified, changed, or vacated without the prior written consent of the Parties.

15. This Stipulation and Order shall be binding on, and inure to the benefit of, all successors and assigns of the Parties.

16. No other or further notice to creditors or parties in interest, or further approval by the Court, is required to effectuate the terms and conditions of this Stipulation and Order.

17. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation and Order.

18. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

**IN WITNESS HEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order as of the date set out below.

Respectfully submitted,

Dated: February 19, 2014
New York, New York

/s/ *Matthew S. Barr*
Matthew S. Barr
Steven Z. Szanzer
Karen Gartenberg
MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Telephone: (212) 530-5000

*Counsel to Debtors and Debtors in Possession*

Dated: February 19, 2014
Santa Monica, California

/s/ *Marianne S. Mortimer*
Paul R. Glassman
Marianne S. Mortimer
STRADLING YOCCA CARLSON & RAUTH,
A Professional Corporation
100 Wilshire Boulevard, 4th Floor
Santa Monica, CA 90401
Telephone: (424) 214-7000

*Counsel to AnyDATA Corporation*

SO ORDERED:

Dated: _____ , 2014
New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

| Claim No. | Debtor | Unsecured Claim Amount | Date Filed | Claimant | Survive or Expunge |
|---|---|---|---|---|---|
| 114 | SkyTerra Investors LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 115 | LightSquared GP Inc. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 116 | SkyTerra Rollup Sub LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 117 | SkyTerra Rollup LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 118 | SkyTerra Holdings (Canada) Inc. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 119 | SkyTerra (Canada) Inc. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 120 | One Dot Six TVCC Corp. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 121 | One Dot Four Corp. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 122 | LightSquared Subsidiary LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 123 | LightSquared Investors Holdings Inc. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 124 | LightSquared Inc. of Virginia | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 125 | LightSquared Finance Co. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 126 | Lightsquared Bermuda Ltd. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 127 | ATC Technologies, LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 128 | TMI Communications Delaware, Limited Partnership | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 129 | One Dot Six Corp. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 130 | LightSquared Network LLC | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 131 | LightSquared Corp. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |
| 132 | LightSquared LP | $690,000 | September 21, 2012 | AnyDATA Corporation | Survive |
| 133 | LightSquared Inc. | $690,000 | September 21, 2012 | AnyDATA Corporation | Expunge |