| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 28, 2014 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

-------------------------------------------------------x
In re                                            :       Chapter 11
                                                 :
LIGHTSQUARED INC., et al.                        :       Case No. 12-12080 (SCC)
                                                 :
                                                 :       (Jointly Administered)
                       Debtors.                  :
-------------------------------------------------------x

**RESPONSE OF THE UNITED STATES TRUSTEE**
**REGARDING SIXTH APPLICATIONS FOR INTERIM COMPENSATION**

TO:   THE HONORABLE SHELLEY C. CHAPMAN,
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee (the "United States Trustee") for Region 2, has reviewed the following applications of the retained professionals (the "Retained Professionals") seeking awards of interim compensation and reimbursement of expenses for the period from January 1, 2014 through April 30, 2014 (the "Fee Period"):

| **Applicant** | **Representation** | **Fees** | **Expenses** |
|---|---|---|---|
| Milbank, Tweed, Hadley & McCloy LLP | Counsel to Debtors | $13,649,701.00 | $725,096.15 |
| Alvarez & Marsal North America, LLC | Financial Advisor to Debtors | $57,387.50 | $75.23 |
| Ernst & Young, LLP | Tax Advisor to Debtors | $735,938.77 | $629.88 |
| Dentons Canada LLP | Canadian Counsel to Debtors | $530,168.16 | $6,659.69 |
| Gibson Dunn & Crutcher, LLP | Special Litigation Counsel to Debtors | $35,256.00 | $1,037.14 |
| Kirkland & Ellis LLP | Counsel to Special Committee of Board of Directors | $1,551,986.00 | $41,669.13 |
| Kirkland & Ellis LLP | Special Litigation Counsel to Debtors | $282,525.00 | $13,257.92 |
| Latham & Watkins LLP | Special FCC Counsel to Debtors | $1,171,510.82 | $2,771.12 |
| Moelis & Company LLC | Financial Advisor and Investment Banker to Debtors | $600,000.00 | $303,332.53 |
| Pillsbury Winthrop Shaw Pittman LLP | Special Counsel to Debtors | $112,045.00 | $7,702.90 |
| **Totals:** | | **$18,726,518.25** | **$1,102,231.69** |

## INTRODUCTION

The Retained Professionals seek fees totaling $18,726,518.25 and reimbursement of out-of-pocket expenses totaling $1,102,231.69. Prior to the filing of their applications, the Retained Professionals voluntarily reduced their fees in the aggregate amount of $1,007,747.95.[1] In addition, as set forth below, in response to the comments and concerns of the United States Trustee, certain of the Retained Professionals have agreed to voluntarily reduce their requests for interim compensation in the aggregate amount of $17,622.00. The United States Trustee has no objection to the reimbursement of out-of-pocket expenses in the amounts requested.

## BACKGROUND

1. The United States Trustee incorporates by reference the facts and definitions set forth in his Objections and Responses to the first through fifth interim fee applications. See ECF Doc. Nos. 383, 581, 674, 987 and 1381.

2. The Debtors are current with the filing of their monthly operating reports and the payment of quarterly fees due pursuant to Section 1930 of title 28, United States Code through the first quarter of 2014. Quarterly fees for the second quarter are due July 31, 2014.

3. The Debtors' monthly operating report for the period ended June 30, 2014, indicates a monthly net loss of $53.8 million, and a cumulative net loss of $1.46 billion. ECF Docket No. 1644.

---

[1] This amount includes voluntary reductions made by the following Retained Professionals: (i) $997,598.00 by Milbank, (ii) $650.27 by Moelis, (iii) $3,870.00 by Gibson Dunn, (iv) $3,082.50 by Pillsbury, (v) $2,173.50 by Dentons Canada and (vi) $373.68 by Latham. See (i) Milbank Application at ¶ 23 n.5, (ii) Moelis Application at ¶ 31, (iii) Gibson Dunn Application at ¶ 24,(iv) Pillsbury Application at ¶ 19 and (v) Dentons' Application at n.4 and (vi) Latham Application at n.9.

## LEGAL STANDARDS

**Reasonableness of Fees**

Bankruptcy Code Section 330(a)(1) provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to section 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, … or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

Section 330 of the Bankruptcy Code focuses on reasonableness and benefit to the estate of the professionals' services. In re Lederman Enter., Inc., 997 F.2d 1321, 1323 (10th Cir. 1993); In re Fibermark, Inc., 349 B.R. 385, 396 (Bankr. Vt. 2006). Each applicant bears the burden of proof in all fee matters. In re Northwest Airlines Corp., 400 B.R. 393, 398 (Bankr. S.D.N.Y. 2009) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997)); In re JLM, Inc., 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997).

The Court has an independent burden to review fee applications "lest overreaching … professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors." Keene Corp., 205 B.R. at 695 (quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994)). Under Section 330 of the Bankruptcy Code, the Bankruptcy Court has the authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. In re Taxman Clothing Co., 49 F.3d 310, 316 (7th Cir. 1995); see also Zolfo, Cooper & Co. v.

3

Sunbeam-Oster Co., Inc., 50 F.3d 253, 262-63 (3d Cir. 1995) (affirming lower courts' denial of improperly documented and inadequately detailed expenses).

**Interim Awards Under Section 331 of the Bankruptcy Code**

Interim fee awards are discretionary and are subject to re-examination and adjustment during the course of the case. In re Spanjer Bros., Inc., 191 B.R. 738, 747 (Bankr. D. Ill. 1996) (citing In re Jensen-Farley Pictures, Inc., 47 B.R. 557 (Bankr. D. Utah 1985)). Any interim fees awarded or paid under Section 331 of the Bankruptcy Code are payable on account of, and are subject to, the Court's review at the time that applications for final compensation are made by the Retained Professionals.

**Actual and Necessary Expenses**

Under Section 330(a)(1)(B) of the Bankruptcy Code, only documented expenses that are actual and necessary are reimbursable. 11 U.S.C. § 330(a)(1)(B). Professionals must "furnish enough specificity for the Court to establish whether a given expense was both actual and necessary." In re Korea Chosun Daily Times, Inc., 337 B.R. 758, 769 (Bankr. E.D.N.Y. 2005) (quoting In re S.T.N. Enters., Inc., 70 B.R. 823, 834 (Bankr. D. Vt. 1987)). Expenses are "actual" if they are incurred and not based on a formula or pro rata calculation. In re Bennett Funding Group, Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). Expenses are "necessary" if they were "reasonably needed to accomplish proper representation of the client." In re American Preferred Prescription, Inc., 218 B.R. 680, 686-87 (Bankr. E.D.N.Y. 1998).

**RESPONSE**

A.     **Agreed Reductions**

**Dentons Canada**

Dentons Canada seeks an allowance of $530,168.16 in fees and reimbursement of out-of-pocket expenses in the aggregate amount of $6,659.69. During the Fee Period, Dentons Canada voluntarily reduced its fees by $2,173.50 for non-compensable time professionals spent preparing and revising monthly invoices. In connection with concerns raised by the United States Trustee with regard to fees billed to the estates by student interns, Dentons Canada has agreed to voluntarily reduce its fee request by an additional $816.00. Subject to the agreed upon reduction, the United States Trustee has no objection to the allowance of fees and reimbursement of out-of-pocket expenses to Dentons Canada in the amounts requested.

**Kirkland & Ellis as Counsel to Special Committee of the Board of Directors**

Kirkland seeks an allowance of $1,551,986.00 in fees and reimbursement of out-of-pocket expenses in the aggregate amount of $41,669.13. In connection with concerns raised by the United States Trustee with regard to certain administrative charges and fees incurred by not-yet-admitted junior associates, Kirkland has agreed to voluntarily reduce its fee request by $10,000.00. Subject to the agreed upon reduction, the United States Trustee has no objection to the allowance of fees and reimbursement of out-of-pocket expenses to Kirkland, in its capacity as Counsel to the Special Committee of the Board of Directors, in the amounts requested.

**Kirkland & Ellis as Special Litigation Counsel**

Kirkland seeks an allowance of $282,525.00 in fees and reimbursement of out-of-pocket expenses in the aggregate amount of $13,257.92. In connection with concerns raised by the United States Trustee with regard to certain administrative charges billed to the estates, Kirkland has agreed to voluntarily reduce its fee request by $4,411.00. Subject to the agreed upon reduction, the United States Trustee has no objection to the allowance of fees and reimbursement of out-of-pocket expenses to Kirkland, in its capacity as Special Litigation Counsel, in the amounts requested.

**Pillsbury**

Pillsbury seeks an allowance of $112,045.00 in fees and reimbursement of out-of-pocket expenses in the aggregate amount of $7,702.90. During the Fee Period, Pillsbury voluntarily reduced its fees by $3,082.50 for time billed by paraprofessionals in its Library department. In connection with concerns raised by the United States Trustee with regard to certain administrative charges, Pillsbury has agreed to voluntarily reduce its fee request by an additional $2,395.12. Subject to the agreed upon reduction, the United States Trustee has no objection to the allowance of fees and reimbursement of out-of-pocket expenses to Pillsbury, in the amounts requested.

**B.    No Objection**

Alvarez & Marsal
Ernst & Young
Gibson Dunn
Latham
Milbank
Moelis & Company

## CONCLUSION

WHEREFORE, the United States Trustee respectfully submits that the Court enter an order (i) reducing the fees and expenses allowed to the Retained Professionals by the amounts set forth herein and (ii) granting such other relief as is just.

Dated: New York, New York
July 17, 2014

    Respectfully submitted,

    WILLIAM K. HARRINGTON
    UNITED STATES TRUSTEE

    By:   /s/ Susan D. Golden
         Susan D. Golden
         Trial Attorney
         201 Varick Street
         New York, New York 10014
         Tel. No. (212) 510-0500