**Presentment Date and Time:  July 21, 2014 at 10:00 a.m. (prevailing Eastern time)**
**Objection Deadline: July 21, 2014 at 9:00 a.m. (prevailing Eastern time)**
**Hearing Date (Only if Objection Filed):  To Be Determined**

Matthew S. Barr
Karen Gartenberg
MILBANK, TWEED, HADLEY & MᶜCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF (I) PRESENTMENT OF NINTH ORDER AMENDING FINAL ORDER, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507, (A) AUTHORIZING INC. OBLIGORS TO OBTAIN POSTPETITION FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (C) GRANTING ADEQUATE PROTECTION, AND (D) MODIFYING AUTOMATIC STAY AND (II) AMENDMENT OF DIP DOCUMENTS**

**PLEASE TAKE NOTICE** that U.S. Bank National Association and MAST

Capital Management, LLC (on behalf of itself and its managed funds and accounts) have agreed

to further amend the *Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507,*

*(A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting Liens and*

*Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and*

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are:  LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629) and One Dot Six TVCC Corp. (0040).  The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

*(D) Modifying Automatic Stay* [Docket No. 224] (as amended by the *Order Amending Final*

*Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors*

*To Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority*

*Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic*

*Stay* [Docket No. 579], *Second Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361,*

*362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain Postpetition Financing,*

*(B) Granting Liens and Providing Superpriority Administrative Expense Status, (C) Granting*

*Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1126], *Third Order*

*Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507,*

*(A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting Liens and*

*Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and*

*(D) Modifying Automatic Stay* [Docket No. 1286], *Fourth Order Amending Final Order,*

*Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To*

*Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative*

*Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket

No. 1444], the *Fifth Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363,*

*364, and 507, (A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting*

*Liens and Providing Superpriority Administrative Expense Status, (C) Granting Adequate*

*Protection, and (D) Modifying Automatic Stay* [Docket No. 1492], the *Sixth Order Amending*

*Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc.*

*Obligors To Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority*

*Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic*

*Stay* [Docket No. 1581], the *Seventh Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105,*

*361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain Postpetition Financing,*

*(B) Granting Liens and Providing Superpriority Administrative Expense Status, (C) Granting*

*Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1613], and the *Revised*

*Eighth Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507,*

*(A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting Liens and*

*Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and*

*(D) Modifying Automatic Stay* [Docket No. 1645], the "Final DIP Order") and the DIP

Documents[2] (as amended, supplemented, restated, or otherwise modified) to permit the Inc.

Obligors to continue to use the proceeds of the DIP Facility and the Prepetition Inc. Collateral on

a consensual basis through and including the earlier of (i) July 31, 2014 and (ii) the final maturity

date under that certain debtor in possession credit facility by and among LightSquared LP, as

borrower, each existing and future, direct or indirect, subsidiary of LightSquared LP, as

guarantors, and the lenders thereunder, on the terms set forth in the *Ninth Order Amending Final*

*Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors*

*To Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority*

*Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic*

*Stay* (the "Ninth Amended DIP Order"), attached hereto as Exhibit A, and the Amendment.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to paragraph 12 of the

Final DIP Order, the Inc. Obligors are authorized to amend, modify, supplement, or waive any

provision of the DIP Documents, without further notice and hearing or approval of the Court, if

the amendment, modification, supplement, or waiver is (i) in accordance with the DIP

Documents, (ii) beneficial to the Inc. Obligors, and (iii) not prejudicial in any material respect to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order or in the Amendment (as defined below), as applicable.

the rights of third parties.  The Inc. Obligors intend to amend the DIP Agreement pursuant to the

Eleventh Amendment to Credit Agreement (the "Amendment"), substantially in the form

attached as Schedule 1 to the Ninth Amended DIP Order.

PLEASE TAKE FURTHER NOTICE that LightSquared will present the Ninth

Amended DIP Order to the Honorable Shelley C. Chapman, Judge of the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), for signature

on July 21, 2014 at 10:00 a.m. (prevailing Eastern time).

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to

the Ninth Amended DIP Order or the Amendment must be made in writing, conform to the

Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District

of New York, set forth the basis for the objection and the specific grounds therefor, and be filed

with the Bankruptcy Court (a) by registered users of the Bankruptcy Court's case filing system,

electronically in accordance with General Order M-399 (which can be found at

http://nysb.uscourts.gov) and (b) by all other parties in interest, in text-searchable portable

document format (PDF) (with a hard copy delivered directly to Chambers (as defined below)), in

accordance with the customary practices of the Bankruptcy Court and General Order M-399 and

shall be served in accordance with General Order M-399 upon each of the following:  (i) the

chambers of the Honorable Shelley C. Chapman ("Chambers"), One Bowling Green, New York,

New York 10004, 6th Floor, (ii) LightSquared Inc., 10802 Parkridge Boulevard, Reston, VA

20191, Attn: Marc R. Montagner and Curtis Lu, Esq., (iii) counsel to LightSquared, Milbank,

Tweed, Hadley & M$^c$Cloy LLP, One Chase Manhattan Plaza, New York, NY 10005-1413, Attn:

Matthew S. Barr, Esq. and Karen Gartenberg, Esq., (iv) counsel to the special committee of the

boards of directors for LightSquared Inc. and LightSquared GP Inc., Kirkland & Ellis LLP, 601

Lexington Avenue, New York, NY 10021, Attn: James H.M. Sprayregen, Esq., Paul M. Basta,

Esq., and Joshua A. Sussberg, Esq., (v) the Office of the United States Trustee for the Southern

District of New York, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Susan D.

Golden, Esq., (vi) counsel to U.S. Bank, as administrative agent under the Prepetition Inc. Credit

Agreement and the DIP Agreement, and MAST Capital Management, LLC, Akin Gump Strauss

Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Philip C. Dublin, Esq.,

Meredith A. Lahaie, Esq., and Kenneth A. Davis, Esq., (vii) counsel to Wilmington Savings Fund

Society, FSB, as administrative agent under the Prepetition LP Credit Agreement, McDermott

Will & Emery LLP, 340 Madison Avenue, New York, NY 10173, Attn: Leonard Klingbaum,

Esq. and Darren Azman, Esq., (viii) counsel to the Ad Hoc LP Secured Group, White & Case

LLP, 1155 Avenue of the Americas, New York, NY 10036, Attn: Thomas E Lauria, Esq. and

Andrew C. Ambruoso, and (ix) counsel to Harbinger Capital Partners, LLC, Kasowitz, Benson,

Torres & Friedman LLP, 1633 Broadway, New York, NY 10019, Attn: David M. Friedman, Esq.

and Adam L. Shiff, Esq., so as to be actually received **no later than July 21, 2014 at 9:00 a.m.**

**(prevailing Eastern time)** (the "Objection Deadline").  Only those responses or objections that

are timely filed, served, and received will be considered at the Hearing.

> **PLEASE TAKE FURTHER NOTICE** that if a written objection to the Ninth

Amended DIP Order or the Amendment is not received by the Objection Deadline, the

Bankruptcy Court may deem any opposition waived and enter the Ninth Amended DIP Order

without further notice or hearing, and the Inc. Obligors, the DIP Agent, and the DIP Lenders

shall be empowered to effectuate immediately the Amendment without further order of the

Court.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is received by the Objection Deadline, a hearing will be held to consider the Ninth Amended DIP Order or Amendment, as applicable, along with any written objection timely received, on **a date to be determined** at the United States Bankruptcy Court for the Southern District of New York, Honorable Shelley C. Chapman, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 623.  The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Ninth Amended DIP Order and Amendment may be obtained at no charge at http://www.kccllc.net/LightSquared or for a fee via PACER at http://www.nysb.uscourts.gov.

New York, New York
Dated:  July 18, 2014

Respectfully submitted,

/s/ Matthew S. Barr
Matthew S. Barr
Karen Gartenberg
MILBANK, TWEED, HADLEY & M^CCLOY LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000

*Counsel to Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Ninth Amended DIP Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LIGHTSQUARED INC., *et al.*, | ) | Case No. 12-12080 (SCC) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NINTH ORDER AMENDING FINAL ORDER, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507, (A) AUTHORIZING INC. OBLIGORS TO OBTAIN POSTPETITION FINANCING, (B) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (C) GRANTING <u>ADEQUATE PROTECTION, AND (D) MODIFYING AUTOMATIC STAY</u>**

Upon the notice of presentment of the Debtors [Docket No.____] (the "<u>Notice of Presentment</u>") of an order (this "<u>Order</u>") further amending the *Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 224] (the "<u>Initial DIP Order</u>"), as amended by the *Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 579]

---

[1]    The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

(the "First DIP Amendment Order"), the *Second Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1126]

(the "Second DIP Amendment Order"), the *Third Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1286]

(the "Third DIP Amendment Order"), the *Fourth Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1444]

(the "Fourth DIP Amendment Order"), the *Fifth Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1492]

(the "Fifth DIP Amendment Order"), the *Sixth Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1581]

(the "Sixth DIP Amendment Order"), the *Seventh Order Amending Final Order, Pursuant to 11*

*U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To Obtain*

*Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative Expense*

- 2 -

*Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket No. 1613]

(the "Seventh DIP Amendment Order"), and the *Revised Eighth Order Amending Final Order,*

*Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Authorizing Inc. Obligors To*

*Obtain Postpetition Financing, (B) Granting Liens and Providing Superpriority Administrative*

*Expense Status, (C) Granting Adequate Protection, and (D) Modifying Automatic Stay* [Docket

No. 1645] (the "Eighth DIP Amendment Order" and, collectively with the Initial DIP Order, the

First DIP Amendment Order, the Second DIP Amendment Order, the Third DIP Amendment

Order, the Fourth DIP Amendment Order, the Fifth DIP Amendment Order, the Sixth DIP

Amendment Order, and the Seventh DIP Amendment Order, the "Final DIP Order"), and

authorizing the Debtors to enter into an amendment of the DIP Agreement (the "Eleventh

Amendment")[2] substantially in the form attached hereto as Schedule 1; and the relief set forth in

the Eleventh Amendment being in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and the Eleventh Amendment having been negotiated in good faith and

at arm's length between the Debtors and the DIP Lenders; and all of the Debtors' obligations

under the DIP Facility as authorized by the Final DIP Order and the obligations to be incurred

under the DIP Facility including in respect of the Eleventh Amendment having been incurred in

good faith as that term is used in section 364(e) of the Bankruptcy Code; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this proceeding being a core

proceeding pursuant to 28 U.S.C. § 157; and venue of this proceeding in this District being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Notice of Presentment, and opportunity

for a hearing, being consistent with paragraph 12 of the Final DIP Order and the *Order*

*Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No.

---

[2]    All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Final DIP
Order or in the Eleventh Amendment, as applicable.

121] and appropriate under the particular circumstances and with no need to provide other or

further notice; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

        1.        All of the terms of the Final DIP Order shall remain in full force and effect

pursuant to the terms of the Final DIP Order, except to the extent modified by this Order, the

*Order Extending Challenge Period* [Docket No. 363], and by the terms of the Eleventh

Amendment, the Tenth Amendment to Credit Agreement, dated as of July 15, 2014, by and

among the DIP Borrowers and the DIP Lenders approved by the Eighth DIP Amendment Order

[Docket No. 1645], the Ninth Amendment to Credit Agreement, dated as of June 30, 2014, by

and among the DIP Borrowers and the DIP Lenders approved by the Seventh DIP Amendment

Order [Docket No. 1613], the Eighth Amendment to Credit Agreement, dated as of June 13,

2014, by and among the DIP Borrowers and the DIP Lenders approved by the Sixth DIP

Amendment Order [Docket No. 1581], the Seventh Amendment to Credit Agreement, dated as of

April 15, 2014, by and among the DIP Borrowers and the DIP Lenders approved by the Fifth

DIP Amendment Order [Docket No. 1492], the Sixth Amendment to Credit Agreement, dated as

of March 25, 2014, by and among the DIP Borrowers and the DIP Lenders approved by the

Fourth DIP Amendment Order [Docket No. 1444], the Fifth Amendment to Credit Agreement,

dated as of January 31, 2014, by and among the DIP Borrowers and the DIP Lenders (the "Fifth

DIP Amendment") approved by the Third DIP Amendment Order [Docket No. 1286], the Fourth

Amendment to Credit Agreement by and among the DIP Borrower and the DIP Lenders

approved by the Second DIP Amendment Order [Docket No. 1126], the Third Amendment to

Credit Agreement, dated as of March 13, 2013, by and among the DIP Borrower and the DIP

Lenders approved by the First DIP Amendment Order [Docket No. 579], the Second

Amendment to Credit Agreement, dated as of February 13, 2013 by and among the DIP

Borrower and the DIP Lenders [Docket No. 518], and the First Amendment to Credit

Agreement, dated as of December 17, 2012, by and among the DIP Borrower and the DIP

Lenders [Docket No. 446].

2.     The Inc. Obligors are authorized to enter into the Eleventh Amendment, to

make, execute, and deliver all instruments and documents, and to perform all acts in connection

therewith that may be reasonably required for the Inc. Obligors' performance of their obligations

under the Eleventh Amendment.

3.     Except as otherwise provided in this Order, the Final DIP Order, or the

DIP Documents, upon execution and delivery of the Eleventh Amendment, and upon the

satisfaction of the conditions to effectiveness set forth in the Eleventh Amendment, the Eleventh

Amendment shall constitute a valid and binding obligation of each of the parties thereto,

enforceable against each party thereto in accordance with the terms thereof.  Except as otherwise

provided in this Order, the Final DIP Order, or the DIP Documents, no obligation or payment

under the Eleventh Amendment or this Order shall be stayed, restrained, voidable, avoidable, or

recoverable under the Bankruptcy Code or under any applicable law, or subject to any defense,

reduction, setoff, recoupment, or counterclaim, subject to the Ad Hoc LP Secured Group's

Challenge to the Prepetition Inc. Obligations in accordance with the Final DIP Order.

4.     For the avoidance of doubt, in accordance with the Fifth Amendment,

interest on the DIP Obligations shall accrue at the default rate specified in Section 2.06(c) of the

Credit Agreement.

5.     Subject to the terms of this Order, the Final DIP Order, and the DIP

Documents, the Maturity Date of the DIP Facility shall be extended to the earlier of July 31,

2014 and the final maturity date under that certain debtor in possession credit facility (the "LP DIP Facility") by and among LightSquared LP, as borrower, each existing and future, direct or indirect, subsidiary of LightSquared LP, as guarantors, and the lenders thereunder.  Subject to the terms and conditions of this Order, the Final DIP Order, and the DIP Documents, the Prepetition Inc. Agent and the Prepetition Inc. Lenders shall be entitled to all of the forms of adequate protection afforded to them under the Final DIP Order and consent to the Inc. Obligors' use of the Prepetition Inc. Collateral until the foregoing Maturity Date (i.e., the earlier of July 31, 2014 and the final maturity date under the LP DIP Facility), such earlier Termination Date established in accordance with the DIP Documents, or as otherwise ordered by the Court.

6.      The first sentence of paragraph 12 is hereby amended by deleting the words "five (5) business" and inserting "three (3) calendar" in lieu thereof.

7.      To the extent any Default or Event of Default has occurred on or prior to the date hereof under the Final DIP Order or the DIP Documents solely as a result of non-compliance with the five (5) business days' notice provision of paragraph 12, such Default or Event of Default is hereby waived.

8.      Any objections to the entry of this Order, to the extent not withdrawn or resolved, are hereby overruled.

9.      This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately upon execution thereof.

10.    The Court has and will retain jurisdiction to enforce this Order according

to its terms.

SO ORDERED by the Court this _____ day of _____, 2014.

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## <u>Schedule 1</u>

### Eleventh Amendment

## ELEVENTH AMENDMENT TO CREDIT AGREEMENT

This Eleventh Amendment to Credit Agreement (this "**Agreement**") is entered into as of July [_], 2014, by and among One Dot Six Corp., a Delaware corporation ("**Borrower**"), the Guarantors, the Lenders signatory hereto and U.S. Bank National Association ("**US Bank**"), as Administrative Agent and Collateral Agent for the Lenders (in such capacity, the "**Administrative Agent**").

### *RECITALS*

WHEREAS, Borrower, the Guarantors, the Lenders from time to time party thereto, the Administrative Agent and the Collateral Agent are parties to that certain Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement dated as of July 19, 2012 (as amended from time to time, the "**Credit Agreement**");

WHEREAS, Borrower has requested that the Administrative Agent and each of the Lenders approve the amendments to the Credit Agreement as set forth herein; and

WHEREAS, the Administrative Agent and each of the Lenders are willing to amend certain provisions of the Credit Agreement, subject to the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the premises and the mutual covenants herein contained, the parties hereto hereby agree as follows:

Section 1.    <u>Definitions</u>.  Unless otherwise expressly defined herein, all capitalized terms used herein and defined in the Credit Agreement shall be used herein as so defined.

Section 2.    <u>Amendments to Credit Agreement</u>. Subject to the satisfaction (or waiver) of the conditions precedent set forth in Section 3 hereof, the Credit Agreement is hereby amended as follows:

(a)    Section 1.01 of the Credit Agreement is hereby amended by adding the following definitions:

"**Eleventh Amendment Order**" shall mean the Ninth Order Amending Final Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (a) Authorizing Inc. Obligors To Obtain Postpetition Financing, (b) Granting Liens and Providing Superpriority Administrative Expense Status, (c) Granting Adequate Protection, and (d) Modifying Automatic Stay, entered on the Tenth Amendment Order Entry Date, authorizing the Borrower, the Guarantors, and the Lenders to enter into the Tenth Amendment.

"**Eleventh Amendment Order Entry Date**" shall mean [_], 2014.

(b)    Section 1.01 of the Credit Agreement is hereby amended by deleting the date "July 21, 2014" in the definition of Maturity Date (as previously amended by the Tenth Amendment to Credit Agreement dated as of July 15, 2014) and replacing it with "the earlier of July 31, 2014 and the final maturity date under that certain debtor in possession credit facility by and among LightSquared LP, as borrower, each existing and future, direct or indirect, subsidiary of LightSquared LP, as guarantors, and the lenders thereunder."

Section 3.    Conditions to Effectiveness. The effectiveness of this Agreement is subject to the satisfaction of each of the following conditions precedent:

(a)    The Administrative Agent shall have received executed counterparts of this Agreement from Borrower, the Guarantors, each Lender and the Administrative Agent;

(b)    Each of the representations and warranties made by any Loan Party set forth in Sections 5 and 7 hereof shall be true and correct in all material respects;

(c)    All costs and expenses (including, without limitation, reasonable legal fees) contemplated by this Agreement and the other Loan Documents to be payable to the Administrative Agent and Lenders shall have been paid to the extent due; and

(d)    The Eleventh Amendment Order, in form and substance satisfactory to the Lenders, shall have been entered by the Bankruptcy Court.

Section 4.    Default Interest. Each party hereto acknowledges and confirms that, for the avoidance of doubt, in accordance with the Forbearance Agreement and Fifth Amendment to Credit Agreement dated as of January 31, 2014 (the "**Fifth Amendment**"), interest on the Obligations shall accrue at the default rate specified in Section 2.06(c) of the Credit Agreement.

Section 5.    Representations and Warranties. Each Loan Party hereby represents and warrants to the Administrative Agent and the Lenders that, as of the date hereof and after giving effect to this Agreement, (a) the execution, delivery and performance of this Agreement has been authorized by all requisite corporate action on the part of such Loan Party and will not violate such Loan Party's Organizational Documents, and (b) no Default or Event of Default (other than the Asserted Defaults, if any, as defined in the Fifth Amendment) shall have occurred and is continuing.

Section 6.    Costs and Expenses. The Borrower agrees to pay on demand all fees, costs and expenses incurred by the Administrative Agent and the Lenders in connection with the preparation, execution and delivery of this Agreement.

Section 7.    Additional Representations and Exculpations. Each Loan Party confirms and reaffirms all of its Obligations under each Loan Document, to the Administrative Agent and each Lender, as applicable, including without limitation all of its Obligations under any guaranty provided pursuant to the Loan Documents. Each Loan Party represents and warrants that there are no defenses to its Obligations under the Loan Documents and that it has no claim against any Lender or the Administrative Agent arising out of or in connection with any Loan Document. Without limiting the foregoing representation and warranty, each Loan Party exculpates, releases and discharges each Lender and the Administrative Agent from any claim such Loan Party may have against each Lender in its capacity as a Lender under the Credit Agreement or the Administrative Agent (regardless of any other relationship that any Lender may have with the Loan Parties) arising out of or relating to the Loan Documents, or any enforcement of rights with respect thereto, occurring prior to the date hereof, and agrees that the Administrative Agent's and each Lender's claims under the Credit Agreement shall not be subject to offset, recoupment, disallowance or equitable subordination. Each Loan Party certifies to each Lender that no Default or Event of Default exists (and in particular, without limitation, no Default exists by reason of the incurrence of any Lien that is not a Permitted Lien) other than the Asserted

Defaults (as defined in the Fifth Amendment) to the extent the Asserted Defaults are found to be actual Events of Default.

Section 8.    Indemnity.  Each Loan Party hereby indemnifies and holds harmless the Administrative Agent and each Lender against damages, liabilities, costs and expenses (including without limitation reasonable fees and expenses of counsel) arising out of or in connection with any breach of this Agreement; *provided* that such indemnity shall not, as to any Indemnitee, be available to the extent that such losses, claims, damages, liabilities or related expenses (x) are determined by a court of competent jurisdiction by final and nonappealable judgment to have resulted from the gross negligence or willful misconduct of such Indemnitee or (y) result from a claim brought by Borrower or any other Loan Party against an Indemnitee for breach in bad faith of such Indemnitee's obligations hereunder or under any other Loan Document, if Borrower or such Loan Party has obtained a final and nonappealable judgment in its favor on such claim as determined by a court of competent jurisdiction.  The Borrower hereby reaffirms its indemnification and expense reimbursement obligations set forth in Section 10.03 of the Credit Agreement.  The Administrative Agent and each Lender reserves all rights under the Loan Documents or applicable law other than those rights specifically waived hereunder.

Section 9.    Governing Law.  This Agreement and the transactions contemplated hereby, and all disputes between the parties under or relating to this Agreement or the facts or circumstances leading to its execution, whether in contract, tort or otherwise, shall be construed in accordance with and governed by the laws (including statutes of limitation) of the State of New York, without regard to conflicts of law principles that would require the application of the laws of another jurisdiction.

Section 10.    Execution.  This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of a signature page to this Agreement by telecopier shall be effective as delivery of a manually executed counterpart of this Agreement.  Each Lender hereby directs and authorizes the Administrative Agent to execute a counterpart to this Agreement.

Section 11.    Waiver of Certain Defaults or Events of Default.   To the extent any Default or Event of Default has occurred on or prior to the date hereof under the Final Order or the other Loan Documents solely as a result of non-compliance with the five (5) business days' notice provision of paragraph 12 of the Final Order, such Default or Event of Default is hereby waived by the Administrative Agent and the Lenders.

Section 12.    No Other Amendment.     Except as expressly set forth herein, this Amendment does not constitute an amendment of any other term or condition of the Credit Agreement or any other Loan Document, and all such terms and conditions shall remain in full force and effect and are hereby ratified and confirmed in all respects.  Nothing contained in this Amendment shall be construed to imply a willingness on the part of the Lenders to grant any similar or other future amendment of any of the terms and conditions of the Credit Agreement or the other Loan Documents.  Nothing contained herein shall in any way prejudice, impair or otherwise adversely affect any rights or remedies of the Administrative Agent and the Lenders under the Credit Agreement, as amended, or any other Loan Document.  Except as expressly set forth herein, the Administrative Agent and the Lenders reserve all of their rights, powers, and remedies under the Credit Agreement, the other Loan Documents and applicable law.

3

Section 13.    <u>Reference to Loan Documents</u>.  This Agreement shall constitute a "Loan Document."

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the day and year first above written.

**ONE DOT SIX CORP.**, as Borrower

By: _____
Name:
Title:

**ONE DOT FOUR CORP.**, as a Guarantor

By: _____
Name:
Title:

**ONE DOT SIX TVCC CORP.**, as a Guarantor

By: _____
Name:
Title:

**LIGHTSQUARED INC.**, as a Guarantor

By: _____
Name:
Title:

**US BANK NATIONAL ASSOCIATION**,
as Administrative Agent and as Collateral Agent


By: _____
     Name:
     Title:

**MAST CREDIT OPPORTUNITIES I MASTER FUND LIMITED**, as a Lender

By: _____
      Name: Adam Kleinman
      Title: Authorized Signatory

**MAST OC I MASTER FUND, L.P.**, as a Lender

By: **MAST OC I IA, LLC**, its General Partner

By: _____
      Name: Adam Kleinman
      Title: Authorized Signatory

**MAST SELECT OPPORTUNITIES MASTER FUND, L.P.**, as a Lender

By: **MAST SELECT OPPORTUNITIES GP, LLC**, its General Partner

By: _____
      Name: Adam Kleinman
      Title: Authorized Signatory

**MAST ADMIRAL MASTER FUND L.P.**, as a Lender

By: **MAST ADMIRAL GP, LLC**, its General Partner

By: _____
      Name: Adam Kleinman
      Title: Authorized Signatory