**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| LIGHTSQUARED INC., *et al.*, | ) |
|  | ) Case No. 12-12080 (SCC) |
| Debtors.[1] | ) |
|  | ) Jointly Administered |
|  | ) |

**ORDER GRANTING APPROVAL OF**
**CREDIT CARD PROGRAM AND RELATED RELIEF**

Upon the motion (the "Motion")[2] of LightSquared Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, "LightSquared") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), pursuant to sections 105(a), 362, 363, and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rule 4001-2 of the Local Bankruptcy Rules for the Southern District of New York (as amended, the "Local Rules"), for entry of an order (the "Order") approving a credit card program with SunTrust Bank and related relief, all as more fully set forth in the Motion; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion in this Court is proper

---

[1] The debtors in these Chapter 11 Cases (as defined below), along with the last four digits of each debtor's federal or foreign tax or registration identification number, are: LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, VA 20191.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice is needed or necessary; and the Court having reviewed the Motion, the SunTrust Agreements, and the Order; and the Court having considered that LightSquared properly notified and, as applicable, obtained the necessary consents of the U.S. Trustee, the Prepetition Agents, and the other Secured Inc. Parties regarding the relief requested in the Motion; and the Court having determined that the Motion is in compliance with Bankruptcy Rule 4001 and Local Rule 4001-2 and all other applicable Bankruptcy Rules and Local Rules; and the Court having considered that no objections were filed to the Motion and determined that a hearing on the Motion is not required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing, and the Court having found, that the relief requested in the Motion is in the best interests of LightSquared, its estates, its creditors, and other parties in interest; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is granted on a final basis.

2. LightSquared is hereby authorized, pursuant to sections 105(a), 363, and 364 of the Bankruptcy Code, to (a) initiate the SunTrust Credit Card Program, (b) enter into and perform under the SunTrust Agreements (and all related documents and agreements), and (c) make all payments and transfer, convey, and assign all funds required thereunder, including with respect to the SunTrust Account.

3. Relief from the automatic stay pursuant to section 362(a) of the Bankruptcy Code is granted as necessary to implement and effectuate the terms of the SunTrust Agreements.

4. LightSquared is authorized and empowered to take all other actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. Notwithstanding Bankruptcy Rules 4001(a)(3) and 6004(h), this Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Order.

6. Notwithstanding anything to the contrary in the SunTrust Agreements, all requests by SunTrust for payment of indemnity pursuant to the SunTrust Agreements shall be (a) made by means of an application (interim or final as the case may be), (b) supported by detailed documentation, and (c) subject to review by the Court to ensure that payment of such indemnity is reasonable based upon the circumstances of the matter in respect of which indemnity is sought; provided, however, that in no event shall SunTrust be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct. In no event shall SunTrust be indemnified if LightSquared or a representative of the estates assert a claim for, and a court determines by final order that such claim arose out of, SunTrust's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

7. Notwithstanding anything to the contrary in the SunTrust Agreements, (a) so long as the Chapter 11 Cases are pending, SunTrust shall act at all times in accordance with the Bankruptcy Code, all applicable rules, and all Bankruptcy Court orders and (b) neither the Chapter 11 Cases nor any other pending insolvency proceedings involving any affiliate of

LightSquared Inc. shall trigger or constitute an event of default or termination right or authorize SunTrust to terminate or exercise remedies under the SunTrust Agreements.

        8.      The requirements set forth in Bankruptcy Rules 4001 and 6004 and Local Rules 4001-2 and 9013-1(a) are satisfied and/or waived.

        9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: July 22, 2014  
New York, New York

                                    */s/ Shelley C. Chapman*  
                                    HONORABLE SHELLEY C. CHAPMAN  
                                    UNITED STATES BANKRUPTCY JUDGE