**BROWN RUDNICK LLP**
Robert J. Stark
Jacob T. Beiswenger
Seven Times Square
New York, New York 10036
(212) 209-4800

- and -

Steven B. Levine
Sunni P. Beville (admitted *pro hac vice*)
James W. Stoll (admitted *pro hac vice*)
Jonathan D. Marshall
Brian T. Rice
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

*Counsel to Solus Alternative Asset Management LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LIGHTSQUARED INC., *et al.* | Case No. 12-12080 (SCC) |
| Debtors.[1] | Jointly Administered |
| | Related Docket No. 2024 |

**SUPPLEMENTAL DECLARATION OF STEVEN B. LEVINE IN SUPPORT OF OBJECTION OF SOLUS ALTERNATIVE ASSET MANAGEMENT LP TO LIGHTSQUARED'S MOTION FOR ORDER, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507, (A) APPROVING POSTPETITION FINANCING, (B) AUTHORIZING USE OF CASH COLLATERAL, IF ANY, (C) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (D) GRANTING ADEQUATE PROTECTION, AND (E) MODIFYING AUTOMATIC STAY**

---

[1] The Debtors in these proceedings, along with the last four digits of each Debtor's federal or foreign tax or registration identification number, are LightSquared Inc. (8845), LightSquared Investors Holdings Inc. (0984), One Dot Four Corp. (8806), One Dot Six Corp. (8763), SkyTerra Rollup LLC (N/A), SkyTerra Rollup Sub LLC (N/A), SkyTerra Investors LLC (N/A), TMI Communications Delaware, Limited Partnership (4456), LightSquared GP Inc. (6190), LightSquared LP (3801), ATC Technologies, LLC (3432), LightSquared Corp. (1361), LightSquared Finance Co. (6962), LightSquared Network LLC (1750), LightSquared Inc. of Virginia (9725), LightSquared Subsidiary LLC (9821), Lightsquared Bermuda Ltd. (7247), SkyTerra Holdings (Canada) Inc. (0631), SkyTerra (Canada) Inc. (0629), and One Dot Six TVCC Corp. (0040). The location of the Debtors' corporate headquarters is 10802 Parkridge Boulevard, Reston, Virginia 20191.

I, Steven B. Levine, being duly sworn, hereby declare as follows:

1.      I am a partner at the law firm of Brown Rudnick LLP, counsel in these cases to Solus Alternative Asset Management LP, on behalf of certain funds and/or accounts managed by it or its affiliates ("Solus").

2.      I submit this declaration in further support of the *Objection of Solus Asset Management to LightSquared's Motion for Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507, (A) Approving Postpetition Financing, (B) Authorizing Use of Cash Collateral, if any, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection, and (E) Modifying Automatic Stay* (the "DIP Objection"). This declaration is based on my personal knowledge.

3.      On March 5, 2015, on behalf of Solus, I sent an email to counsel to the above-captioned Debtors and counsel to the special committee of the boards of directors for LightSquared Inc. and LightSquared GP Inc. (the "Special Committee"), enclosing a transmittal letter (the "Transmittal Letter," attached hereto as **Exhibit A**) and a revised commitment letter (the "Commitment Letter," attached hereto as **Exhibit B**) executed by Solus. The Commitment Letter confirms Solus' commitment to provide debtor-in-possession financing to the Debtors (the "Solus DIP Facility") on the terms set forth in my letter, dated March 3, 2015, to counsel to the Debtors and counsel to the Special Committee outlining such enhanced terms and conditions. *See Supplemental Submission of Solus Alternative Asset Management LP in Support of (I) Objection to LightSquared's Motion for Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (A) Approving PostPetition Financing, (B) Authorizing Use of Cash Collateral, if any, (C) Granting Liens and Providing SuperPriority Administrative Expense Status, (D) Granting Adequate Protection, and (E) Modifying Automatic Stay; (II) Emergency Motion for an Order, Pursuant to Bankruptcy Code §§ 105 and 1125, Bankruptcy Rules 3016, 3017 and 2018, and*

2

*Local Rule 2017-1 (1) Approving Proposed Specific Disclosure Statement and Solicitation Forms, (2) Setting Solicitation Procedures, (3) Setting Deadlines in Connection with Confirmation of the Solus Plan of Reorganization and (4) Adjourning Confirmation Hearing Respecting the Debtors/Investors Plan; (III) Objection to Confirmation of the Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code; and (IV) Objection to Debtors' Motion For Entry of an Order Authorizing Payment of Alternative Transaction Fee in Connection with Proposed Plan of Reorganization* [Docket No. 2167], Exhibit A. Attached to the Commitment Letter was a revised form of Senior Secured Superpriority Debtor-in-Possession Loan Agreement incorporating such revised terms (the "Credit Agreement") and blacklined versions of the Commitment Letter and Credit Agreement showing changes from the versions sent to the Debtors on February 25, 2015, attached hereto as **Exhibit C**. See *Declaration of Steven B. Levine in Support of (I) Objection to LightSquared's Motion for Order, Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (A) Approving PostPetition Financing, (B) Authorizing Use of Cash Collateral, if any, (C) Granting Liens and Providing SuperPriority Administrative Expense Status, (D) Granting Adequate Protection, and (E) Modifying Automatic Stay* [Docket No. 2121] (attaching versions of the Commitment Letter and Credit Agreement sent to the Debtors on February 25, 2015).

4.    On the morning of March 4, I participated in a telephone conference amongst Solus, Brown Rudnick LLP as its counsel, and counsel and other professionals for the Debtors and Special Committee. During that call, representatives of the Debtors and the Special Committee requested that Solus change the definition of "Maturity Date" in the Credit Agreement to further detach the Solus DIP Facility from the *Plan of Solus Alternative Asset Management LP Pursuant to Chapter 11 of Bankruptcy Code* [Docket No. 2129]. Specifically,

3

the Debtors' and Special Committee's representatives requested modified language providing that the loans would have to be repaid only if an alternative plan or another Alternative Transaction (as that term is defined in the Credit Agreement) was actually substantially consummated and went effective.  Solus verbally agreed to that request.  Subsequently, the definition in the Credit Agreement was revised to provide as follows:

> "Maturity Date" shall mean the earliest to occur of (a) the Stated Maturity Date, (b) the date of the closing of a sale of all or substantially all of the Loan Parties' assets or stock under Section 363 of the Bankruptcy Code, (c) the consummation of an Alternative Transaction, (d) the Effective Date of any Plan of Reorganization and (e) the date of termination of any Commitments and acceleration of the Loans and other Obligations, in each case under this clause (e), following an Event of Default pursuant to Article VIII."

Signed under the pains and penalties of perjury this 5th day of March 2015.


_____
Steven B. Levine, Esq.

4